ORIGINAL

FILED
DEC 2 2 2006
U.S. COURT OF FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**1. JEAN-ROBIN SOLOW,**
**2. GERALD K. KANDEL**
**3. ROBERT E. KNOPES**
**4. FEDERICO A. MAURA**
**5. RONALD M. MARTINEZ**
**6. STANLEY A. ZUCKERMAN**

on behalf of themselves and all others similarly situated,

Plaintiffs

v.

**THE UNITED STATES,**

Defendant.

C.A. No. 06-872 C

**CLASS ACTION COMPLAINT FOR MONEY DAMAGES**

Come now the named plaintiffs, on behalf of themselves and all others similarly situated, and for their Complaint allege as follows:

## INTRODUCTION

1. This action deals with specific categories of "pay", including but not limited to "premium pay", that certain agencies of Defendant United States of America (as specified *infra, paragraph* 7) failed to include in the lump-sum payments for accrued and

accumulated, unused annual leave of persons employed by those agencies from August 14, 1993 and thereafter.

2. When members of the plaintiff class retired, died, separated,(or transferred to a position described under 5 U.S.C.§ 6301 (2)(B)(xiii) or elected to receive a lump-sum payment for leave under 5 U.S.C.§ 5552), with unused annual leave to their credit, they were entitled to payment for accrued and accumulated, unused annual leave under §§ 5551 and 5552 of title 5 of the United States Code equal to the "pay" they would have received had they worked their regular and customary scheduled hours until the period of their unused annual leave expired. However, when they received payment of the lump-sum for their unused annual leave, they did not receive the full payments to which they were entitled because the computation of their lump-sum payment did not include an amount equal to one or more of the following categories of "premium" pay which they regularly and customarily received immediately prior to the date the employee became eligible for a lump-sum payment for unused annual leave: (1) regularly scheduled non-overtime Sunday premium pay under § 5546(a)of title 5 prior to October 1,1997; and (2) post allowance under 5 U.S.C. § 5924(1) as authorized by the U.S. Department of State's Standardized Regulations (Government Civilians, Foreign Areas) if the employee's official

duty station was in the foreign area when he or she became eligible for a lump-sum payment.

3. When members of the plaintiff class retired, died, or separated,(or transferred to a position described under 5 U.S.C.§ 6301 (2)(B)(xiii), or elected to receive a lump-sum payment for leave under 5 U.S.C.§ 5552), with unused annual leave to their credit, they also were entitled to payment for accrued and accumulated, unused annual leave under §§ 5551 and 5552 of title 5 of the United States Code equal to one or more of the following pay increases that became effective during the period of their unused annual leave so that the retired, separated, deceased employees would have received such increases in pay had he or she remained in the employ of the United States until the expiration of the period of unused annual leave: (a) any statutory adjustments in pay or any general system-wide increases in pay that became effective during the lump-sum period, including adjustments to a special salary rate or locality pay system (LPS)schedule from which the employee was paid immediately prior to separation, such as system-wide adjustments, or pay adjustments pursuant to Sections 5303,5304,5318,5362, 5363, 5372,5372a,5376, 5382, or 5392 of title 5;and/or(b)any increases in pay prescribed by Executive Order as authorized by chapter 53 of Title 5, U.S.C., or otherwise authorized by law.

However, when the members of the class received payment of a lump-sum for their unused annual leave, they did not receive the full payment to which they were entitled because the computation of their lump-sum payment did not include such pay increases or adjustments.

4. Plaintiffs, and members of the plaintiff class, also claim interest on the above amounts pursuant to the provisions of 5 U.S.C. § 5596(b), attorneys' fees and costs.

**JURISDICTION AND VENUE**

5. Jurisdiction over this action is conferred by 28 U.S.C. § 1346(a)(2)(Tucker Act), 5 U.S.C. § 5596 (the Back Pay Act) and 28 U.S.C. § 2501.

6. Plaintiffs, and/or members of the plaintiff class, were each employed by an agency of the United States ***other than*** the Department of Defense and its component agencies (including the Corps of Engineers); the Department of Agriculture; the Department of Commerce; the Department of Energy; the Department of Transportation (including the FAA); the Department of Justice; the Environmental Protection Agency; the General Services Administration; the Department of Health and Human Services; the Department of Housing and Urban Development; the Department of the Interior; the Department of Labor; the National Aeronautics Space Administration; the Office of Personnel

Management; the Social Security Administration; the Department of State; the Department of the Treasury, and the Department of Veterans Affairs.

7. Plaintiffs, and/or members of the plaintiff class, retired or separated from Federal service,(or transferred to a position described under 5 U.S.C. § 6301(2)(B)(xiii), or elected to receive a lump-sum payment for leave under 5 U.S.C. § 5552), or died while employed by any agency covered by this action.

8. Plaintiffs, and/or members of the plaintiff class, were entitled to receive a lump-sum payment for accumulated and current accrued annual or vacation leave provided by statute when he or she retired, died, or separated.

9. Plaintiffs, and/or members of the plaintiff class, customarily and regularly received one or more of the "premium" rates of pay enumerated in paragraph 2 above immediately prior to retirement, death, or separation (or transfer) from such employment, and the employee would have been entitled to receive such "premium" rates of pay had the employee remained in the employ of the United States until the expiration of the period of annual or vacation leave; and/or the employee would have been entitled to receive any one or more of the pay adjustments or pay increases enumerated in paragraph 3 above that became effective during the period of unused annual leave covered by

the cash lump-sum payment had the employee remained in the employ of the United States until the expiration of the period of annual or vacation leave. Each plaintiff's full name, address, last four digits of their social security number, last place of employment, and position are identified in the list attached as Exhibit 1. If the Court so requests, plaintiffs can file under seal an un-redacted exhibit containing the full social security numbers pursuant to General Order No. 42A, Part VII, paragraph 26.

**CLASS ACTION ALLEGATIONS**

10. Class Description: The "opt-in" plaintiff class consists of:

All civilian employees of the United States who retired, died, or separated under conditions enumerated in 5 U.S.C. §§ 5551 and 5552, from August 14,1993 or thereafter from employment by an agency of the United States ***other than*** the Department of Defense and its component agencies (including the Corps of Engineers); the Department of Agriculture; the Department of Commerce; the Department of Energy; the Department of Transportation (including the FAA); the Department of Justice; the Environmental Protection Agency; the General Services Administration; the Department of Health and Human Services; the Department of Housing and Urban Development; the Department of the Interior; the Department of Labor; the National Aeronautics Space Administration; the Office of Personnel Management; the Social Security Administration; the Department of State; the Department of the Treasury, and the Department of Veterans Affairs:

(a) who upon retirement, death, or separation were eligible for a lump-sum payment for unused annual leave pursuant to 5 U.S.C. §§ 5551-5552;

(b) regularly received Sunday "premium" pay under title 5, United States Code, prior to October 1, 1997 immediately prior to their retirement, death, separation, or transfer which was not included in their lump-sum payment for unused accrued and accumulated annual leave; and/or

(c) whose rate of pay would have increased as a result of any across-the board annual adjustment and locality pay adjustment, or general system-wide pay increase, or pay increase or adjustment prescribed by Executive Order authorized by chapter 53 of Title 5, U.S.C. or otherwise authorized by law, that would have become effective for that employee had the employee remained in the employ of the United States for the period of his or her unused annual leave, but such increased rate of pay was not included in the calculation of the employee's lump-sum payment for unused accrued and accumulated annual leave; and/or

(d) who received a foreign post allowance under 5 U.S.C. 5924(1) as authorized by the U.S. Department of State's Standardized Regulations (Government Civilians, Foreign Areas) immediately prior to retirement, death, or separation in the foreign area but such allowance was not included in the calculation of the lump-sum payment for unused annual leave.

11. This action is properly maintained as a class action under Rule 23 of the Rules of the United States Court of Federal Claims.

12. The class is so numerous that joinder of all members is impracticable. The pool of potential class members is in excess of 20,000 former employees.

13. There are common questions of law and fact affecting the members of the class. The overriding legal question in this case is whether the practice and policy of the agencies other than those listed in paragraph 7 violates 5 U.S.C.§§ 5551-5552 by failing to include in the lump-sum payment of employees the "premium" pay, and/or general system-wide increases in pay, and/or adjustments in rates of pay under title 5, U.S.C., that each such employee would have received had they remained in the employ of the United States until the expiration of the period of unused annual leave.

14. Plaintiffs' claims are typical of the claims of the class because the harm suffered by Plaintiffs and the other class members was caused by Defendant's failure to comply with the applicable statutes and regulations with respect to the computation of the lump-sum payment for unused annual leave. Plaintiffs do not have interests antagonistic to, or in conflict with, the class.

15. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained competent counsel experienced in class action litigation and in litigation involving federal pay statutes.

16. Certification of this case as a class action is appropriate because Defendant has acted or refused

to act on grounds generally applicable to the class. Unless the Plaintiff class is certified to include in one cause of action the types of pay which are encompassed within the generic class of "premium pay" that was not included in the computation of the lump-sum cash leave payment, as well as all pay adjustments that should have been made to such lump-sum payments based on statutory pay increases which became effective during the lump-sum leave period, the rights of the members of the class of retired, deceased, or separated employees to receive full and appropriate retroactive back pay and interest will be extinguished.

17. Primacy of Class-Wide Issues. The claims for relief and damages with respect to the class as a whole are primary to this suit and predominate over any individual questions of fact regarding the extent of Defendant's back pay liability to individual class members. A class action is superior to other available methods for the fair and efficient adjudication of such secondary individual matters.

18. Impracticability of Individual Suits. It would be financially impractical, if not impossible, for class members to prosecute their claims on an individual basis in non-class action suits. In addition, these claims were stayed during the litigation of *Archuleta et al. v. United States*.

Unless this class action is certified to be maintainable as such, thousands of putative class members effectively will be denied any opportunity for judicial review and appropriate relief respecting the claims made in this case.

**COUNT I: CLASS PLAINTIFFS' CAUSE OF ACTION With Respect To Statutory Pay Increases**

19. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 18 of this Complaint as though set forth at length herein.

20. Each member of the Plaintiff class was an "employee" of the United States and, pursuant to 5 U.S.C. §§ 5551-5552 was entitled, upon retirement, death, separation, or transfer from service, to receive a lump-sum payment for accumulated and current accrued annual or vacation leave.

21. The pay rates of members of the Plaintiff class were subject to an increase that became effective during their unused annual leave period as a result either of a statutory adjustment or a general, system-wide pay increase, and/or an increase in the rate of basic pay under title 5, U.S.C, as specified in paragraph 3 herein.

22. When members of the Plaintiff class retired, died, separated, transferred, or entered on active duty in the armed forces without electing to have the leave remain to his or her credit until his/her return from active duty, Defendant paid each of them a lump-sum for the number of hours of unused annual leave recorded by Defendant in their annual leave accounts.

23. Members of the plaintiff class did not receive the full amount to which they were entitled because the lump-sum payment they received had not been adjusted to reflect any increased pay rate that they would have received had they remained employed until the expiration of their accumulated and accrued unused annual leave in violation of 5 U.S.C. §§ 5551 and 5552, the exact amount of which is to be determined at trial.

**Count II: CLASS PLAINTIFFS' CAUSE OF ACTION With Respect To Failure To Receive Regularly Scheduled Premium Pay**

24. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 18 of this Complaint as though set forth at length herein.

25. Each member of the Plaintiff class was an "employee" of the United States and, pursuant to 5 U.S.C. §§ 5551-5552, was entitled, upon retirement, death, separation, or transfer from service, to

receive a lump-sum payment for accumulated and current accrued annual or vacation leave.

26. When members of the Plaintiff class retired, died, separated, transferred, or entered on active duty in the armed forces without electing to have the leave remain to his or her credit until his/her return from active duty, Defendant paid each of them a lump-sum for the number of hours of unused annual leave recorded by Defendant in their annual leave accounts.

27. Members of the plaintiff class did not receive the full amount to which they were entitled when they received the lump-sum payment because the lump-sum payment did not include all the "premium" pay(s) and/or allowances they regularly received immediately prior to their retirement, death, or separation as specified in paragraph 2 herein, and that they would have received had they remained employed until the expiration of their accumulated and accrued unused annual leave in violation of 5 U.S.C. §§ 5551 and 5552, the exact amount of which is to be determined at trial.

**CONCLUSION**

28. As a result of the foregoing, there is due and owing to the named Plaintiffs, and members of the plaintiff class, payment equal to the amount of "pay" that, as enumerated above, they should have received

as a lump-sum for the period of unused accrued and accumulated annual leave to their credit as of the date of retirement, death, separation, or transfer, and interest thereon pursuant to 5 U.S.C. § 5596(b).

29. Plaintiffs and members of the plaintiff class are unable to determine the exact amounts hereof because the relevant records, books, and accounts are maintained by and are in the exclusive possession and control of Defendant.

WHEREFORE, Plaintiffs, on behalf of themselves and members of the plaintiff class, pray that this Court:

(a) Certify this action as an "opt-in" class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims; certify Plaintiffs as the class representatives; and approve the undersigned attorney as Class Counsel;

(b) Enter judgment against Defendant for back pay due the named Plaintiffs, and all other eligible class members, for an amount equivalent to the "pay" which they should have received under law as part of their lump-sum payment for unused accrued and accumulated annual leave from August 14,1993 to the date of final judgment;

(c) Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

(d) Award reasonable attorneys' fees and reimbursement of reasonable and customary out-of-pocket costs and

expenses of this action against Defendant under the fee-shifting provisions of the Back Pay Act, and award Class Counsel a "percentage attorney fee" as determined by the Court equal to a percentage of the amount recovered on behalf of the Class to be paid from the back pay fund created by this action, crediting the class with the amount of attorney fees to be paid by the Defendant under the Back Pay Act; and

(e) Grant such other relief as may be just and proper.

Dated: December 21, 2006

By ______________________

IRA M. LECHNER
Attorney for Plaintiffs
19811-4th Place
Escondido, CA 92029
(858) 864-2258
Fax (760) 839-5755

Exhibit 1 to Plaintiff's Complaint

1. JEAN-ROBIN SOLOW
   1825 Kent Road
   Pittsburgh, PA 15241
   SSN: -2497
   Contract Specialist, Agency: Resolution Trust Corporation/FDIC
   RTC, Atlanta, GA.

2. GERALD K. KANDEL
   10261 Largo Sassetta Ct.
   Las Vegas, NV 89135
   SSN:-4097
   Foreign Service Officer, U.S. Information Agency
   Washington, D.C.

3. ROBERT E. KNOPES
   9607 Laurel Oak Pl.
   Fairfax Station, VA 22039
   SSN:-8765
   SES, U.S. Information Agency
   Voice of America, Washington, D.C.

4. FEDERICO A. MAURA
   2S. 171 Kent Rd.
   Glen Ellyn, IL 60137
   SSN:-2596
   Reactor Inspector, U.S. Nuclear Regulatory Commission
   NRC Region III, Lisle, IL.

5. STANLEY A. ZUCKERMAN
   1413 McLean Mews Court
   McLean, VA 22101
   SSN:-8276
   Foreign Service Officer, U.S. Information Agency
   Institute for Diplomatic Studies, Washington, D.C.

6. RONALD M. MARTINEZ
   1373 So. Zenobia St.
   Denver, CO 80219-3643
   SSN:-7925
   Budget Analyst, Corporation For National and Community Service
   Denver Regional Office, Denver, CO