No. 06-872C
Senior Judge Loren A. Smith

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JEAN-ROBBIN SOLOW, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S MOTION TO DISMISS

---

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE M. DAVIDSON
Director

HILLARY A. STERN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0177
Facsimile: (202) 305-7643

March 21, 2007 Attorneys for Defendant

# TABLE OF CONTENTS

PAGE(S)

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . 1

DEFENDANT'S MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . 1

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. Plaintiffs' Action Is Barred By Res Judicata . . . . . 4

II. Plaintiffs' Claims Arising Before December 22, 1999, Are Barred By The Statute Of Limitations. . . . . . . . 7

III. Plaintiffs' Claims Are Barred By Laches . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Alpert v. United States,
161 Ct. Cl. 810 (1963) . . . . . . . . . . . . . . . . . . . . 10

Ammex, Inc. v. United States,
334 F.3d 1052 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . 5

Archuleta et al., v. United States,
Fed. Cl. No. 99-205 . . . . . . . . . . . . . . . . . . . passim

Archuleta et al. v. United States,
Fed. Cl. No. 99-205C . . . . . . . . . . . . . . . . . . . . 2

Beauchamp v. United States,
6 Cl. Ct. 400, 405 (1984) . . . . . . . . . . . . . . . . . 8

Connolly v. United States,
1 Cl. Ct. 312 (1982),716 F.2d 882 (Fed. Cir. 1983),
cert. denied,465 U.S. 1065 (1984) . . . . . . . . . . . . . 8

Calhoun v. Lehman,
725 F.2d 115 (D.C. Cir. 1983) . . . . . . . . . . . . . . . 9

Cornetta v. United States,
851 F.2d 1372 (Fed. Cir. 1988) en banc . . . . . . . . . . 10

Costello v. United States,
365 U.S. 265 (1961) . . . . . . . . . . . . . . . . . . . . 10

Deering v. United States,
620 F.2d 242, 223 Ct. (1980) . . . . . . . . . . . . . . . 10

Federated Dept. Stores, Inc. v. Moitie,
452 U.S. 394 (1981) . . . . . . . . . . . . . . . . . . . . 4

Garcia Carranza v. United States,
67 Fed. Cl. 106 (2005) (Fed. Cir.2005) . . . . . . . . . . 5

Jackson v. United States,
179 Ct. Cl. 29, cert. denied, 389 U.S. 985 (1967) . . . 10

**TABLE OF AUTHORITIES (CON'T)**

**CASES** **PAGE(S)**

Kendall v. Army Board for Correction of Military Records,
996 F.2d 362 (D.C. Cir. 1993), citing Spannaus v. United States Department of Justice,
824 F.2d 52 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . 9

Owen Equipment & Erection Co. v. Kroger,
437 U.S. 365 (1978) . . . . . . . . . . . . . . . . . . . . 7

Pepper v. United States,
794 F.2d 1571 (Fed. Cir. 1986) . . . . . . . . . . . . . . 10

Shelleman v. United States,
9 Cl. Ct 452, 455 (1986) . . . . . . . . . . . . . . . . . . 8

Soriano v. United States,
352 U.S. 270 (1957) . . . . . . . . . . . . . . . . . . . . 9

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . 8

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . 8

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . 8

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

5 U.S.C. § 5551 . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEAN-ROBBIN SOLOW, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-872C |
| | ) | Senior Judge Loren A. Smith |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant respectfully moves to dismiss plaintiffs' claims as barred by the doctrine of res judicata, the statute of limitations, and the doctrine of laches.

DEFENDANT'S MEMORANDUM

QUESTIONS PRESENTED

1. Whether the complaint is barred by the doctrine of res judicata because plaintiffs' claims previously were before this Court and were dismissed with prejudice.

2. Whether the plaintiffs' claims arising before December 22, 1999, are barred by the statute of limitations applicable to this Court because the complaint was filed more than six years after these claims first arose.

3. Whether plaintiffs' claims are barred by laches because plaintiffs delayed unreasonably in bringing their claims before this Court.

# STATEMENT OF THE CASE

## I. Nature Of The Case

Plaintiffs claim that their lump sum payments for accrued and accumulated annual leave, authorized by sections 5551 and 5552 of title 5 of the United States Code, were improperly calculated. They assert that these payments did not include premium pay that plaintiffs regularly and customarily received while working nor did it include pay increases that became effective during the period of their unused annual leave.

However, plaintiffs' claims were previously litigated in Archuleta et al. v. United States, Fed. Cl. No. 99-205C, a class action complaint filed on behalf of all former civilian employees of the Government. As a result, their claims are barred by the doctrine of *res judicata*.

In addition, plaintiffs' claims are barred by the statute of limitations. Their claims accrued at the time they separated from the Government and became entitled to their lump sum payments. These separations occurred more than six years prior to the filing of the complaint. Accordingly, plaintiffs' complaint should be dismissed.

Finally, plaintiffs' claims are barred by the doctrine of laches. They have provided no reason for the lengthy passage of time between their receipt of their lump sum payments and the

filing of their complaint. The Government has been prejudiced by plaintiffs' delay, during which two of the four former employing agencies involved have been abolished, and documentary and testimonial evidence made more difficult if not impossible to obtain.

II. Statement Of Facts

Plaintiffs are former employees of the Resolution Trust Corporation, the Nuclear Regulatory Commission, and the United States Information Agency. Compl. Page 15.[1] They claim that at the time of their separations their lump sum pay for accumulated and unused annual leave was improperly calculated. Compl. ¶¶ 2, 3.

We are still attempting to obtain documented separation dates for plaintiffs, but note that it is likely that the claims of plaintiffs Kandel, Knopes, and Zuckerman arose before December 22, 1999, as the United States Information Agency, from which they separated was abolished effective October 1, 1999. In addition, it is likely that plaintiff Martinez's claim arose prior to December 22, 1999, as the Resolution Trust Corporation, which employed him, was abolished in 1995.

On April 7, 1999, a class action was brought on behalf of all former civilian employees of the United States Government

[1] "Compl. ¶ ___" is a citation to plaintiffs' complaint. "App. ___" is a citation to the appendix attached to this motion.

under the caption Archuleta et al., v. United States, Fed. Cl. No. 99-205. As in this case, the complaint alleged that plaintiffs' lump sum payments for accumulated and unused leave had been improperly calculated. *See Complaint and Amended Complaints* in Archuleta et al., v. United States, No. 99-205C.

On February 22, 2006, the parties to Archuleta entered into a settlement agreement that provided for payments to former employees of 17 agencies and for severance of the claims of employees of the Veterans Administration. It was further agreed that "defendant shall have no obligation related to claims that have been made or that could have been made in the litigation." *See Archuleta Settlement Agreement*.

This Court entered an Order Approving Settlement on June 1, 2006. In that Order, the Court dismissed with prejudice "the Archuleta litigation and all claims that were or could have been made in the litigation by the named plaintiffs," except with respect to the claims of the named plaintiffs who were formerly employed by the Department of Veterans Affairs.

## ARGUMENT

### I. Plaintiffs' Action Is Barred By Res Judicata

The doctrine of res judicata precludes parties from relitigating issues "that were or could have been raised" in a previous action that resulted in a final judgment upon the merits of the case. Federated Dept. Stores, Inc. v. Moitie, 452 U.S.

394, 398 (1981).

Res judicata is often analyzed further to consist of two preclusion concepts: issue preclusion and claim preclusion. Garcia Carranza v. United States, 67 Fed. Cl. 106, 112 (2005) (Fed. Cir.2005)). Issue preclusion concerns the "effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect is also referred to as direct or collateral estoppel." Garcia Carranza 67 Fed. Cl. at 112 (quoting Carson, 398 F.3d at 1375). Claim preclusion refers to the "effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id. (quoting Carson, 398 F.3d at 1375).

To establish res judicata, the United States Court of Appeals for the Federal Circuit requires that the "party asserting the bar prove that (1) the parties are identical or in privity; (2) the first suit proceeded to an underlying judgment on the merits; and (3) the [claim at issue] is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). This test is satisfied here.

With respect to the first element of the test, a comparison of plaintiffs' complaint with the complaint in the Archuleta case readily demonstrates that the parties are identical. In both

suits the defendant is the United States.

Moreover, in Archuleta, the complaint was brought on behalf of a class that consisted of:

> **All** civilian employees who retired, died or separated after April 6, 1993 from employment by the United States or an agency, establishment or instrumentality thereof, (and **all other employees** eligible for a lump-sum payment as identified by OPM regulations, and/or pursuant to 5 U.S.C. § 5551©.

*See Complaint and Amended Complaint in Archuleta, supra*. In this case, plaintiffs are civilian employees who retired, died or separated after April 6, 1993 from employment by the United States or an agency, establishment or instrumentality thereof. Accordingly, plaintiffs fall within the class definition employed in Archuleta and their claims were included in that lawsuit as well as within the settlement agreement.

The second element of the test for application of res judicata is also satisfied in this case. The Archuleta case resulted in a final judgment on the merits. The claims of employees of 17 Government agencies were settled and all other claims that could have been or were brought were dismissed with prejudice, other than the claims of plaintiffs who were formerly employed by the Department of Veterans Affairs.

The named plaintiffs in this case were not formerly employed by the Veterans Affairs, nor were they former employees of the 17 Government agencies whose claims were settled. Accordingly, their claims were among those that were dismissed with prejudice

pursuant to the Order entered in Archuleta.

Finally, the third element of the test for application of res judicata is met because the claims at issue in this case are based upon the same set of transactional facts as those in Archuleta. In both cases, plaintiffs sought to have their lump sum payment for accumulated and unused annual leave recalculated to include premium pay as well as pay increases that were effective during the period of their unused annual leave.

In sum, plaintiffs ask this Court to revisit the claims already dismissed with prejudice in the Archuleta case. This Court should deny that request and dismiss this action as barred by the doctrine of res judicata.

## II. Plaintiffs' Claims Arising Before December 22, 1999, Are Barred By The Statute Of Limitations.

As the above discussion makes clear, it is our position that plaintiffs' claims were included in the Archuleta case and, thus, were dismissed when all claims not resolved by the negotiated settlement in that case (save those of former Department of Veterans Affairs employees) were dismissed with prejudice. Assuming for the sake of argument that this Court finds that plaintiffs' claims were not included in the Archuleta case, it is clear that their claims, arising more than six years prior to the filing of this complaint, should be dismissed as barred by the statute of limitations.

"It is a fundamental precept that federal courts are courts

of limited jurisdiction." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). More particularly, "the [Court of Federal Claims] is a court of exceedingly limited statutory jurisdiction." Shelleman v. United States, 9 Cl. Ct 452, 455 (1986). Because all claims brought before it are against the United States, jurisdiction must be predicated upon a specific, unequivocally expressed waiver of sovereign immunity. See, e.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Any such grant of jurisdiction must be strictly construed, and all conditions placed upon the grant must be satisfied before the Court may exercise jurisdiction. E.g., United States v. Mitchell, 445 U.S. 535, 538 (1980); Sherwood, 312 U.S. at 586. Consequently, this Court "must exercise not only the traditional reluctance of federal courts to act absent specific statutory authorization . . ., but an additional measure of restraint growing from the principle that waivers of sovereign immunity must be narrowly construed." Beauchamp v. United States, 6 Cl. Ct. 400, 405 (1984), quoting Connolly v. United States, 1 Cl. Ct. 312, 314 (1982), aff'd in relevant part, 716 F.2d 882 (Fed. Cir. 1983), cert. denied, 465 U.S. 1065 (1984).

Section 2501, title 28, United States Code, bar actions commenced more than six years "after the right of action first

accrues." In this Court, the statute of limitations is a jurisdictional barrier. Soriano v. United States, 352 U.S. 270 (1957). This bar applies to all civil actions whether legal, equitable, or mixed. Kendall v. Army Board for Correction of Military Records, 996 F.2d 362 (D.C. Cir. 1993), citing Spannaus v. United States Department of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987); Calhoun v. Lehman, 725 F.2d 115, 116-17 (D.C. Cir. 1983).

Plaintiffs allege that their lump sum payments at the time they separated from the Government were improperly calculated. However, plaintiffs' claims accrued at the time they were separated.

In this case, all six plaintiffs were separated more than six years prior to the filing of the complaint. Their claims should be dismissed as barred by the statute of limitations.

III. Plaintiffs' Claims Are Barred By Laches

Finally, plaintiffs' claims should be barred by the doctrine of laches because plaintiffs delayed unreasonably in bringing their claims before this Court. As noted, three of the plaintiffs' claims accrued upon their separations in 1995, the remaining plaintiffs' claims accrued in 1999 at the latest. Thus, at a minimum, plaintiffs delayed between seven and eleven years in bringing their claims.

Laches is an equitable defense based upon grounds of public

policy, which require for the peace of society the discouragement of stale demands. The doctrine of laches has long been given recognition and effect in this court. See e.g., Grisham v. United States, 183 Ct. Cl. 657, 392 F.2d 980, cert. denied, 93 U.S. 843 (1968); Jackson v. United States, 179 Ct. Cl. 29, cert. denied, 389 U.S. 985 (1967); Gersten v. United States, 364 F.2d 850, 176 Ct. Cl. 633 (1966); Bovard v. United States, 160 Ct. Cl. 619, cert. denied, 374 U.S. 830(1963); Alpert v. United States, 161 Ct. Cl. 810 (1963).

The imposition of laches requires both unreasonable delay by the plaintiff and prejudice to the defendant because of the delay. Costello v. United States, 365 U.S. 265, 282 (1961); Cornetta v. United States, 851 F.2d 1372, 1378 (Fed. Cir. 1988) en banc). Laches is an affirmative defense, and the burden of proving both elements rests with the party raising it. See Cornetta, 851 F.2d at 1380 ("if the government invokes the affirmative defense of laches, it has the burden to show that it was prejudiced by a claimant's tardiness").

Laches must be applied apart from and irrespective of the statute of limitations. Pepper v. United States, 794 F.2d 1571, 1573 (Fed. Cir. 1986) (citing Brundage v. United States, 504 F.2d 1382, 1384, 205 Ct. Cl. 502 (1974)). So, events that toll the running of the limitations period do not suspend time to be considered in the laches calculation. Deering v. United States,

620 F.2d 242, 245, 223 Ct. Cl. 342 (1980).

In this case, as noted, plaintiffs delayed between seven and eleven years before filing their complaint. However, plaintiffs have offered no reason at all for their delay in bringing their claims. Accordingly, the first element for application of the laches doctrine is met.

The second element for application of laches is prejudice to the party against whom the claim is brought. In this case, because of the time that has passed, it will be difficult, if not impossible, to obtain all of the information necessary to address the allegations in the complaint. As noted, the agencies that employed four out of the six plaintiffs, the Resolution Trust Corporation and the United States Information Agency, were abolished in 1995 and 1999 respectively. Locating former employees of those agencies who were involved in calculating plaintiffs' lump sum payments will be extremely difficult if not impossible and it is likely that the passage of time will have dulled their memories concerning these calculations.

Furthermore, the Corporation for National and Community Service, plaintiff Martinez's former employer, has experienced changes in personnel so that the individuals who would have been involved in calculating Mr. Martinez's lump sum pay, are no longer employed. Again, even if they can be located, it is likely that they will no longer recall details concerning how

plaintiff Martinez's lump sum payment was calculated.

Finally, records for the plaintiffs are no longer maintained by their former employing agencies. Although records have been requested from possible archival locations, including the Office of Personnel Management and the National Finance Center, none have been located so far nor have we yet received assurances that they can be located and provided.

Based upon the foregoing, the second element of the test for laches, prejudice to the defendant, is met. As a result, laches should be applied to bar plaintiffs' claims and the Court should dismiss them with prejudice.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE M. DAVIDSON
Director

s/Hillary A. Stern
HILLARY A. STERN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0177
Facsimile: (202) 305-7643

March 21, 2007 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March 2007, I caused to be served by United States mail (first class, postage prepaid) copies of "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" addressed as follows:

Ira M. Lechner
19811 4th Place
Escondido, CA 92029

__________________________________