IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JEAN-ROBBIN SOLOW, et al., Plaintiffs, | |
| v. | No. 06-872C<br>Senior Judge Loren A. Smith |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE M. DAVIDSON
Director

HILLARY A. STERN
Senior Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0177
Facsimile: (202) 305-7643

June 6, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

**PAGE(S)**

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Plaintiffs' Claims Are Barred By Res Judicata . . . . 2

II. Plaintiffs' Claims Are Barred By The Statute of Limitations. . . . . . . . . . . . . . . . . . . . . . . 5

A. 28 U.S.C. § 2501 Cannot Be Equitably Tolled . . 5

B. Even If Equitable Tolling Could Apply To 28 U.S.C. § 2501, It Should Not Be Applied To Plaintiffs' Claims. . . . . . . . . . . . . . . . . . . . . 9

C. Even If The Statute Of Limitations Should Be Tolled As To Plaintiffs' Individual Claims, This Court Should Not Permit Them To Bring This Litigation As A Class Action; Successive Class Actions Are Greatly Disfavored. . . . . . . . 16

III. Plaintiffs' Claims Are Barred By Laches . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**


American Pipe and Construction Co. Et al., v. State of Utah et al.,
414 U.S. 538 (1974) . . . . . . . . . . . . . . . . . . . . passim

Archuleta et al., v. United States,
No. 99-205C . . . . . . . . . . . . . . . . . . . . . . . . passim

Bailey v. West,
160 F.3d 1360 (Fed. Cir. 1998) . . . . . . . . . . . . . . . 7

Basch v. Ground Round, Inc.,
139 F.3d 6 (1st Cir. 1998) . . . . . . . . . . . . . . . . 16

Brice v. Sec'y of Health and Human Servs.,
240 F.3d 1367 (Fed. Cir. 2001), cert. denied, Brice v. Thompson, 534 U.S. 1040 (2001) . . . . . . . . . . . . . . . . . . . . . . . . 7

Brockamp,
519 U.S. at 351-52 . . . . . . . . . . . . . . . . . . . . . 7

Frazer v. United States,
288 F.3d 1347 (Fed. Cir. 2002) . . . . . . . . . . . . . 5, 6

Grayson v. K Mart Corporation,
79 F.3d 1086 (11th Cir. 1996) . . . . . . . . . . . . . 11, 12

Griffin v. Singletary,
17 F.3d 356 (11th Cir. 1994) . . . . . . . . . . . . . . . 16

Hohri v. United States,
586 F. Supp. 769 (D.D.C. 1984), aff'd . . . . . . . . . . . 6

Irwin v. Dep't of Veterans Affairs,
498 U.S. 89 (1990) . . . . . . . . . . . . . . . . . . . passim

Kirkendall v. Department of the Army,
479 F.3d 830 (Fed. Cir. 2007) . . . . . . . . . . . . . . . 8

TABLE OF AUTHORITIES (CON'T)

CASES . . . . . . . . . . . . . . . . . . . . . . . . .PAGE(S). . . . . . .

Korwek v. Hunt,
827 F.2d 874 (2nd cir) . . . . . . . . . . . . . . . . 16

LaChapelle v. Owens Illinois, Inc.,
513 F.2d 286 (5th Cir. 1975) . . . . . . . . . . . . . 12

Marcinkowski v. United States,
206 F.3d 1419 (Fed. Cir. 2000) . . . . . . . . . . . . . 7

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003) . . . . . . . . . . . . 5, 8

O'Connell v. Chapion Int'l Corp.,
812 F.2d 393 (8th Cir. 1987) . . . . . . . . . . . . . 12

RHI Holdings, Inc. v. United States,
142 F.3d 1459 (Fed. Cir. 1998) . . . . . . . . . . . . . 7

Robbin v. Fluor Corp,
835 F.2d 213 (9th Cir. 1987) . . . . . . . . . . . . . 17

Salazar-Calderon v. Presidio Valley Farmers Ass'n,
765 F.2d 1334 (5th Cir. 1985) . . . . . . . . . . . . . 16

Stone Container Corp. v United States,
229 F.3d 1345 (Fed. Cir. 2000), cert. denied, 532 U.S. 971
(2001) . . . . . . . . . . . . . . . . . . . . . . passim

United States v. Brockamp,
5189 U.S. 347 (1997) . . . . . . . . . . . . . . . . . . 8

United States v. Dalm,
494 U.S. 596 (1990) . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

525 U.S. 870 . . . . . . . . . . . . . . . . . . . . . . . 16

847 F.2d 779 (Fed. Cir. 1988), cert. denied, 488 U.S. 925 (1988)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . passim

28 U.S.C. § 2501 (emphasis added) . . . . . . . . . . . . . . . . 6

28 U.S.C. 2636(i) . . . . . . . . . . . . . . . . . . . . . . . 14

29 U.S.C. § 216 . . . . . . . . . . . . . . . . . . . . . . . . 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEAN-ROBBIN SOLOW, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-872C |
| | ) | Senior Judge Loren A. Smith |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In our opening motion, we established that plaintiffs' claims are barred by the doctrine of res judicata, the statute of limitations contained in 28 U.S.C. § 2501, and the doctrine of laches. In their opposition to our motion, plaintiffs argue that their claims are not barred. However, plaintiffs' arguments are inconsistent and without merit.

First, as we demonstrated in our opening motion, plaintiffs may not have it both ways. Either their claims were encompassed in the complaint filed in Archuleta et al., v. United States, No. 99-205C, and were, therefore, dismissed with prejudice or they were not encompassed in that complaint, in which case they are barred by the statute of limitations.

In addition, even assuming that plaintiffs' claims survived the dismissal with prejudice in Archuleta, their reliance upon the Supreme Court's decision in American Pipe and Construction Co. et al., v. State of Utah et al., 414 U.S. 538 (1974), as authority for tolling the statute of limitations in this case

pending disposition of the class action in Archuleta is without merit. No court has yet held that 28 U.S.C. § 2501 is subject to tolling. Moreover, both the jurisdictional nature of section 2501 and its express language indicate Congress's intent to exempt section 2501 from the possibility of tolling.

Even if tolling of section 2501 were possible, it is not warranted under the circumstances of this case. The tolling policy articulated in American Pipe applies to Rule 23 of the Federal Rules of Civil Procedure (Fed. Rule Civ. Proc.), which authorizes opt-out class actions. It is not settled law with respect to opt-in class actions, such as those authorized by Rule 23 of the Rules of this Court (RCFC). As several Federal court of appeals have found, there are good reasons not to extend the policy to opt-in class actions.

Finally, plaintiffs' contention that defendant has not been prejudiced by their lengthy delay in bringing their claims is without merit. There is ample evidence that at least some of the facts relevant to plaintiffs' claims will be unrecoverable due to the passage of time. Thus, both elements of the doctrine of laches are present in this case.

I. Plaintiffs' Claims Are Barred By Res Judicata

In our opening brief, we demonstrated that the Archuleta litigation was brought on behalf of all former Government employees who regularly received premium pay immediately prior to

retirement which was not included in their lump sum payment for unused annual leave. We noted that Archuleta was resolved by means of a negotiated settlement which provided for monetary recoveries for some plaintiffs, severance of the claims of plaintiffs who were former employees of the Veterans Administration, and dismissal with prejudice of all remaining claims that were or could have been brought.

Based upon the allegations in their complaint, we established that plaintiffs in this case are former Government employees who regularly received premium pay immediately prior to retirement which was not included in their lump sum payment for unused leave. We concluded that plaintiffs' claims fit within the category of claims that were dismissed with prejudice in Archuleta. As a result, we demonstrated that plaintiffs' claims are barred by res judicata.

In their opposition to our motion, plaintiffs assert that the Archuleta settlement agreement "deals only with the claims of former employees of those 17 agencies that are specifically identified in Exhibit 4 of the settlement agreement." Pl. Br. 6.[1] They claim that "[n]o mention is made in the Archuleta settlement agreement of any other agencies of the Federal Government." Id.

[1] "Pl. Opp. ___" is a citation to plaintiffs' opposition to defendant's motion to dismiss. "Def. Rly. App. ___" is a citation to the appendix attached to this reply brief. "Def. App. __" is a citation to the appendix attached to defendant's motion to dismiss.

Because plaintiffs in this case were not employed by one of the 17 agencies identified in Exhibit 4 of the agreement, plaintiffs assert that they were not in privity with the settlement class and that their claims were not encompassed by the dismissal. Pl. Reply 9-10.

Plaintiffs' claim that no mention is made in the Archuleta settlement agreement of employees of agencies other than those named in the settlement class definition is erroneous. As noted, the settlement agreement specifically addresses the claims of employees of the VA. Def. App. 1.

In addition, the settlement agreement explicitly covers named plaintiffs who were formerly employed by agencies other than those included in the settlement class. Specifically, section II. C of the agreement defines the class to include "named plaintiffs other than those employed by the Department of Veterans Affairs and a person who falls within the definition of the Archuleta Settlement class . . . ." Id.

Because the agreement expressly covers the claims of employees of agencies not included in the settlement class, the language in the settlement agreement and the order dismissing "all" remaining claims cannot be interpreted as applying only to the claims of plaintiffs employed by one of the agencies included in the settlement class. Rather, that language must be given its plain meaning. Plaintiffs' claims fall within the category of

"all claims that could have been or were brought" in Archuleta, and by virtue of the order dismissing such claims with prejudice, are barred by the doctrine of res judicata from pursuing their claims in this Court.

II. Plaintiffs' Claims Are Barred By The Statute of Limitations.

In our motion, we demonstrated that plaintiffs' claims accrued more than six years prior to filing of their complaint and, therefore, their claims are barred by the statute of limitations contained in 28 U.S.C. § 2501. In their opposition, plaintiffs assert that, pursuant to the Supreme Court's decision in American Pipe the statute of limitations was tolled with respect to their claims pending a ruling on the class certification issue in Archuleta.

As we demonstrate below, the statute of limitations contained in section 2501 is not subject to tolling. Moreover, even assuming that it could be tolled under certain circumstances, tolling is not appropriate in this case as to either plaintiffs' individual claims or their successor class action.

A. 28 U.S.C. § 2501 Cannot Be Equitably Tolled

This Court has never held that 28 U.S.C. § 2501 can be equitably tolled. Martinez v. United States, 333 F.3d at 1318; Frazer v. United States, 288 F.3d 1347, 1352 (Fed. Cir. 2002). Because this statute of limitations is jurisdictional, it cannot

be waived or equitably tolled. Hohri v. United States, 586 F. Supp. 769, 786 n.22 (D.D.C. 1984), aff'd (on the merits) 847 F.2d 779 (Fed. Cir.), cert. denied, 488 U.S. 925 (1988).

The Supreme Court has held that a rebuttable presumption exists that a statute of limitations applicable to suits against the United States can be equitably tolled. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990); see also Frazer, 288 F.3d at 1352. That presumption is rebutted, however, if "the claims at issue are dissimilar to claims against private parties or . . . there is good reason to believe Congress did not want the equitable tolling doctrine to apply." Frazer, 288 F.3d at 1352 (citing United States v. Brockamp, 519 U.S. 347, 350 (1997)); see also United States v. Dalm, 494 U.S. 596, 608-10 (1990); Stone Container Corp. v United States, 229 F.3d 1345, 1352-53 (Fed. Cir. 2000), cert. denied, 532 U.S. 971 (2001). With respect to 28 U.S.C. § 2501, congressional intent is clear: equitable tolling is unavailable.

By its terms, section 2501 refers to "every claim" asserted in the Court of Federal Claims, except when the statute expressly so provides. 28 U.S.C. § 2501 (emphasis added). Moreover, the statute contains a separate three year limitations period for persons under a disability or beyond the seas when the claim accrues, as well as two other exceptions to the general rule. 28 U.S.C. § 2501. Because Section 2501 "sets forth explicit

exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling,'" this Court should conclude that the Court of Federal Claims lacks authority to toll Section 2501's limitations period. See Brockamp, 519 U.S. at 351-52; see also Brice v. Sec'y of Health and Human Servs., 240 F.3d 1367, 1373 (Fed. Cir. 2001) ("When an Act includes specific exceptions to a limitations period, we are not inclined to create other exceptions not specified by Congress."), cert. denied, Brice v. Thompson, 534 U.S. 1040 (2001); Marcinkowski v. United States, 206 F.3d 1419, 1421-22 (Fed. Cir. 2000) (refusing to apply an "equitable exception" to a tax statute of limitations); RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1462 (Fed. Cir. 1998) (prescription of a method for extending the statute of limitations in the statute "strongly implies that there are no other exceptions to the statutory period"); compare with Bailey v. West, 160 F.3d 1360, 1365-66 (Fed. Cir. 1998) (finding equitable tolling in part because the statute did "not provide its own exceptions to the general rule" and because the limitations period was triggered by a fixed "mailing date" rather than when knowledge of a claim existed).

These factors clearly demonstrate Congress' intent to exempt 28 U.S.C. § 2501 from the possibility of equitable tolling. Accordingly, plaintiffs' attempt to invoke equitable tolling principles here should be rejected.

Plaintiffs argue that, in Martinez v. United States 333 F.3d 1295, 1318 (Fed. Cir. 2003), the United States Court of Appeals for the Federal Circuit signaled that equitable tolling may apply to the Tucker Act under the right circumstances. Pl. Br. 17. They note the court of appeals went so far as to note that section 2501 appears to have more in common with the statute of limitation at issue in Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) in which the Supreme Court found equitable tolling applicable, than with the statute of limitations at issue in United States v. Brockamp, 5189 U.S. 347 (1997), in which the Supreme Court found tolling inapplicable. Id.

Plaintiffs' analysis of Martinez conveniently ignores the Federal Circuit's observation that section 2501 differs from the Irwin statute in that it contains its own tolling provision for persons "under legal disability or beyond the seas at the time the claim accrues." This, the court of appeals noted, was a factor that the Court in Brockamp regarded as weighing against recognizing other exceptions to the limitations period. Martinez, 333 F.3d at 1318. Thus, contrary to plaintiffs' assertion, Martinez does not suggest that the Federal Circuit is leaning in favor finding equitable tolling applicable to section 2501.

Plaintiffs' citation to the Federal Circuit's recent decision in Kirkendall v. Department of the Army, 479 F.3d 830

(Fed. Cir. 2007) similarly is unavailing.[2] In that case, the court of appeals specifically noted that the statute of limitations at issue did not contain explicit exceptions to the filing deadlines. As noted, section 2501 does contain its own exceptions to the limitations period, a factor that weighs against recognizing other exceptions.

### B. Even If Equitable Tolling Could Apply To 28 U.S.C. § 2501, It Should Not Be Applied To Plaintiffs' Claims

We have demonstrated that section 2501 is not subject to tolling. It is equally clear that even if equitable tolling were applicable to 28 U.S.C. § 2501, the circumstances of this lawsuit would not support application of the doctrine.

If equitable tolling were to apply to 28 U.S.C. § 2501, it would apply under only the limited circumstances set forth in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). In that case, the Supreme Court explained:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving where the claimant failed to

---

[2] We note that the court of appeals' decision in Kirkendall is not yet final. Because the Government respectfully disagrees with that decision, the Solicitor General is considering whether to file a petition for writ of certiorari.

> exercise due diligence in preserving his legal rights.

498 U.S. at 96 (citing Baldwin County Welcome Cntr. v. Brown, 466 U.S. 147 (1984)). Here there is no allegation that the Government "induced or tricked" plaintiffs into filing their complaint after the statute of limitations period.

Citing to American Pipe, plaintiffs argue that the filing of the class action complaint in Archuleta was the act of due diligence that warrants tolling of the statute of limitations here. The problem with plaintiffs' position is that they cannot have it both ways. If they want to take advantage of any tolling generated by the filing of the class action complaint in Archuleta, then they must also accept the fact that their claims were encompassed by the resolution of Archuleta which, as we have noted, dismissed with prejudice all claims that were or could have been brought.

Moreover, even if this Court finds that plaintiffs' claims survived the dismissal of claims in Archuleta, there are good reasons not to apply the Supreme Court's decision in American Pipe, to this case. First, the Supreme Court's opinion deals with Fed. Rule Civ. Pro. 23, not with RCFC 23. The distinction is significant. While the Federal Rules provide exclusively for opt-out class actions, the Rules of this Court contemplate only opt-in class actions.

The Supreme Court discussed this distinction in American Pipe, noting that the old Federal Rule 23 provided for either opt-in class actions, also known as “spurious” class actions, or opt-out class actions. It observed that because an opt-in class action is essentially a device to permit individual joinder or intervention, under the old Rule, several courts of appeals had determined that each individual participating in an opt-in class would have to satisfy the timeliness requirement. Other courts of appeals held that the filing of the class action complaint tolled the statute of limitations as to all putative plaintiffs.

The Supreme Court observed that the conflict within the circuits had never been resolved but that by only allowing opt-out classes, the new Federal Rule 23 eliminated the concerns associated with tolling the statute of limitations for spurious classes. To date, there remains a split among the circuits concerning whether the tolling rule of American Pipe, applies to spurious or opt-in class actions.

The United States Court of Appeals for the Federal Circuit recognized this continuing conflict in Stone Container Corp. v. United States, 229 F.3d 1345, 1356 n.6 (Fed.Cir. 2000) but saw no need to address the question. Other circuits have been forced to confront the issue head on.

In Grayson v. K Mart Corp., 79 F.3d 1086 (11th Cir. 1996), the United States Court of Appeals for the Eleventh Circuit

concluded that tolling did not apply to plaintiffs suing under the Age Discrimination in Employment Act (ADEA) which provides for opt-in joinder. It held that ADEA opt-in plaintiffs should be deemed to commence their civil action only when they file their written consent to opt into the class action. See also O'Connell v. Chapion Int'l Corp., 812 F.2d 393, 394 (8th Cir. 1987).

In Grayson, the Eleventh Circuit determined that the adoption of opt-in procedures represented an implicit rejection of the Rule 23 class action procedures including the tolling of putative class members's claims by the filing of the original class complaint. It cited for support to the decision of the United States Court of Appeals for the Fifth Circuit in LaChapelle v. Owens Illinois, Inc. 513 F.2d 286, 289 (5th Cir. 1975). In that case, the Fifth Circuit recognized a "fundamental, irreconcilable difference between" opt-in classes as provided by 29 U.S.C. § 216 (the Fair Labor Standards Act) and opt-out classes as provided by Federal Rule 23.

> "In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(B) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent."

Id. at 288.

In an opt-out class, unless a putative class member affirmatively acts to exclude him or herself from the lawsuit, he or she is bound by a ruling even if he or she knows nothing about the lawsuit. Since putative class members are not required to do anything to ensure that they will be bound by the outcome of the lawsuit, it makes little sense to require them to do something to ensure that they will not be excluded by the statute of limitations.

By contrast, in an opt-in lawsuit, a class member must affirmatively act in order to be included in the judgment. Inasmuch as they must make an individual affirmative decision at some point in order to be included in the lawsuit, and in this sense resembles joinder or intervention, it is no imposition to require them to take this action and make this decision within the statute of limitations period. The alternative permits the old feared abuse of putative plaintiffs waiting to see the outcome of the lawsuit before deciding whether to join or not.

While this case arises under neither the ADEA nor the FLSA, it is closely analogous to claims arising under the FLSA. Plaintiffs’ claims, like those of plaintiffs with FLSA, require individual determinations of liability and damages, despite the existence of common questions of law or fact. Any class that might be certified in this case would be a spurious class.

Because a putative plaintiff must act affirmatively to be included within the class, it is no imposition to require plaintiffs to make this decision within the statute of limitations period. And, the alternative would allow putative plaintiffs to wait to see if they are satisfied with the course of litigation or outcome to decide if they want to join. It is no defense to assert that under the Court's rules, class certification is to be determined as soon as practicable. One need look no further than the Archuleta case, to find a case in which a class was not established by the Court until after the terms of settlement had been worked allowing putative plaintiffs to make the decision of whether to opt-in based upon their satisfaction with the way a case was handled.

Plaintiffs note that in Stone Container Corp., the United States Court of Appeals for the Federal Circuit tolled the statute of limitations contained in 28 U.S.C. 2636(i) based upon the filing of a prior class action complaint. In that case, the court of appeals noted that section 2636(i) expressly incorporated Rule 23 of the Rules of the Court of International Trade (RCIT). It found no basis for distinguishing RCIT 23 from Rule 23 of the Federal Rules of Civil Procedure for purposes of applying the principles of American Pipe and Construction Co.

Here, by contrast, section 2501 does not expressly incorporate RCFC 23. Moreover, we have already demonstrated that

there is a basis for distinguishing RCFC 23 from the Federal class action rule as the former provides for opt-in class actions while the latter applies for opt-out actions. Thus, Stone Container Corp. sheds no light upon whether section 2501 is subject to tolling pursuant to the American Pipe doctrine.

Moreover, tolling in this case would be inconsistent with the policies behind the Supreme Court's decision in American Pipe. There, the Supreme Court weighed the competing policies of statute of limitations and Fed. Rule Civ. Pro. 23. The Court noted that the filing of a class action provides the defendant with notice of the type and general identity and numbers of plaintiffs involved. 414 U.S. at 554-555. As a consequence, within the period set by the statute of limitations, the defendant has the essential information necessary to determine both the subject matter and size of the prospective litigation and will not be unfairly surprised by having to face claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared. This ensures fairness to defendant and bars plaintiffs who have slept on their rights, both policies behind the statute of limitations. Id.

Here, the nature of the class action brought by plaintiffs in Archuleta did not provide the kind of notice that ensured fairness to the Government. By identifying a class that included all former Government employees who regularly earned premium pay,

plaintiffs attempted to establish a class of employees so broad and open-ended that there was no way for the Government to ascertain either the size or identities of the prospective litigants or to preserve evidence or memories of witnesses relevant to all the putative employees' claims. As a result, the filing of the class action did not ensure fairness to the Government or prevent recovery to a plaintiff who had slept on his or her rights.

C. Even If The Statute Of Limitations Should Be Tolled As To Plaintiffs' Individual Claims, This Court Should Not Permit Them To Bring This Litigation As A Class Action; Successive Class Actions Are Greatly Disfavored

Even if this Court finds that it is appropriate to toll the statute of limitations as to plaintiffs' individual claims, this case should not permitted to proceed as a class action. While the Supreme Court has not yet considered whether the filing of a class action tolls the statute of limitations for a subsequently filed successor class action, the majority of the Federal courts of Appeals have held that such tolling is not available. See Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir.) ("Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinite.") cert. denied 525 U.S. 870 (1998); Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994); Korwek v. Hunt, 827 F.2d 874, 879 (2nd Cir); Salazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1331 (5th Cir. 1985).

Those circuit courts barring successive class actions have noted that American Pipe and Construction Co. represents a careful balancing of the interest of plaintiffs, defendants, and the court system and that "to extend tolling to successive class actions 'tests the outer limits of the American Pipe doctrine and . . . falls beyond its carefully crafted parameters into a range of abusive options.'" Robbin v. Fluor Corp, 835 F.2d 213, 214 (9th Cir. 1987).

Plaintiffs assert that tolling is appropriate for this successor class action because the original class action in Archuleta was not denied and, thus, there is no concern that plaintiffs are simply trying to relitigate an issue that was already decided against them. Pl. Br. 25. However, examining this issue in light of the principles set forth by the Supreme Court in American Pipe, there is no reason to allow tolling in this action. In American Pipe, Justice Blackmun wrote separately to stress that the Court's decision "must not be regarded as encouragement to lawyers in a case of this kid to frame their pleadings as a class action, intentionally, to attract and save members of a purported class who have slept on their rights. 414 U.S. at 561.

The named plaintiffs in this case are already attempting to file their claims an absurdly long time after the events underlying the litigation. An endless postponing of the running

of the statute of limitations on behalf of members of a purported class who have slept on their rights cannot be what the Supreme Court had in mind when it first developed the tolling doctrine of American Pipe. Accordingly, plaintiffs' effort to bring their claims as a class action should be denied by this Court.

III. Plaintiffs' Claims Are Barred By Laches

Finally, in our opening brief, we demonstrated that plaintiffs' claims should be barred by the doctrine of laches because plaintiffs delayed unreasonably in bringing their claims before this Court. We demonstrated that the Government was prejudiced by this delay in that the passage of time made it difficult for the Government to obtain evidence relevant to plaintiffs' claims.

In their opposition to our motion, plaintiffs assert that our claim of prejudice is without merit because "all of the evidence necessary to prove Plaintiffs' claims is maintained electronically." Pl. Br. 30. They assert further, "[d]efendant can not and does not claim that the electronic record has been erased and destroyed. . ." Id.

Contrary to plaintiffs' assertions, however, there is ample support for our claim that the evidence necessary to litigate plaintiffs' claims would be difficult, if not impossible to obtain due to the passage of time. As Ms. Melanie Watson, of the Office of Personnel Management explains in her attached

declaration, most agencies are required to keep documents only for a period of six years. Def. Rly. App. 1. Thus, many of the records relevant to plaintiffs' claims likely have been destroyed pursuant to routine business practices.

Moreover, according to Ms. Watson's declaration, some of the information relating to lump-sum supplemental checks was never documented and exists only in the minds of the personnel who processed lump sum payments back when plaintiffs were first separated. Id. Specifically, Ms. Watson explains that some agencies paid separated employees for a portion of their lump sum pay pursuant to supplemental checks which were processed manually and for which no records were retained. Id.

Ms. Watson's declaration explains in great detail the tremendous difficulty she encountered in locating this information when Archuleta was being settled. Id. There is every reason to believe that the passage of time since then and the dissolution of the agencies that employed 4 of the six named plaintiffs will make the process of obtaining this information even harder.

Plaintiffs claim that they did not delay unreasonably because it was eminently reasonable for them to await the decision regarding class certification in the Archuleta litigation before filing their claims. Pl. Br. 28. However, it was not reasonable for plaintiffs to rely upon the class

certification in Archuleta because there was no guarantee that this Court would approve tolling of section 2501 as neither no Court has tolled section 2501 to date.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE M. DAVIDSON
Director

s/Hillary A. Stern
HILLARY A. STERN
Senior Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0177
Facsimile: (202) 305-7643

June 6, 2007

Attorneys for Defendant