# In the United States Court of Federal Claims

Case No.06-872C
FOR PUBLICATION
Filed: August 21, 2007

| | |
|---|---|
| **JEAN-ROBIN SOLOW, et al.,** *Plaintiffs,* v. **THE UNITED STATES,** *Defendant.* | Motion to Dismiss: RCFC 12(b)(1); Statute of Limitations; Laches; *Res Judicata* |

*Ira M. Lechner*, Escondido, California, for Plaintiffs.

*Hillary A. Stern*, Commercial Litigation Branch, Civil Division, Department of Justice with whom were *Peter D. Keisler*, Assistant Attorney General, *Jeanne M. Davidson*, Director, for Defendant.

**OPINION and ORDER**

**SMITH**, Senior Judge:

This case involves the calculation of the lump sum payment to civilian federal employees under 5 U.S.C. §§ 5551, 5552 when they separated from service or enter the military on active duty. The Plaintiffs are former employees of federal civilian agencies that claim that the government miscalculated the amount of their lump sum payment by excluding certain forms of employee compensation from the payout.

The case is now before this Court on the Government's Motion to Dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1). In support of its motion, the Government contends that the Plaintiffs' claims are precluded under the doctrine of *res judicata*, and/or the statute of limitations, and/or the doctrine of laches. After hearing oral argument[1] and careful consideration, and for the reasons set forth in this opinion, the Court **DENIES** the Government's Motion to

[1] This case was heard with *Athey v. United States*, Case No. 99-2051C, on June 27, 2007.

Dismiss for lack of subject matter jurisdiction.

## FACTS

Federal civilian employees are entitled to a lump sum payment of their accrued annual leave when they separate from government service or enter the military on active duty. 5. U.S.C. §§ 5551, 5552. In this case, the Plaintiffs were all previously employed by either the United States Information Agency, the Resolution Trust Corporation, and/or the Nuclear Regulatory Agency. Plaintiffs received a lump sum payment of their accrued leave upon separation from service. *D. Br. at 3.* Plaintiffs claim that the calculation of the payout amount did not include certain forms of premium pay or scheduled pay increases that they would have received if they worked through their period of accrued annual leave. *Compl. at ¶¶ 2,3.* The Plaintiffs in this suit all left federal service at different times, about the years 1995 through 1999. *D. Br. at 9.*

In 1999, a separate class action suit was brought before this court in *Archuleta v. United States*, Case. No. 99-205C. *Id. at 3.* The *Archuleta* case was filed on behalf of employees of all federal agencies claiming that the government miscalculated the lump sum payment amount of accrued annual leave owed them when they separated from service. *P. Br. at 6.* The parties ultimately agreed to settle the claims in the *Archuleta* suit. *Id.* The settlement order limited the settlement class to employees of 17 named federal agencies. *Id.* Plaintiffs formerly employed by those 17 agencies were to receive payment and the claims of former Department of Veterans Affairs employees were severed according to the agreement. *D. Br. at 4.* In an order approving the settlement, this Court ordered that "all claims that were or could have been made in the litigation by the named plaintiffs, are dismissed with prejudice. . . ." *Order Approving Settlement*, filed June 2006. Plaintiffs, thereafter, filed this suit on December 21, 2006.

The government filed a motion to dismiss the present suit for lack of subject matter jurisdiction under RCFC 12(b)(1). Thereafter, the Plaintiffs answered and oral argument was held. For the reasons set forth below, the Court hereby **DENIES** Defendant's Motion to Dismiss.

## DISCUSSION

### A. The Claims are Not Precluded by *Res Judicata*

The doctrine of *res judicata* requires that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). *Res judicata's* purpose is "an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Id. at 401* (*quoting Baldwin v. Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)). The burden rests with the party moving for dismissal under *res judicata* to establish "that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d

1052, 1055 (Fed. Cir. 2003).

The Defendant argues that all of the elements to preclude the Plaintiffs claims are met. First, Defendant argues that the parties are identical. *D. Br. at 5.* The United States was the Defendant and the class in *Archuleta* was all civilian government employees who separated from service before April 1993. *Id. at 6.* Second, the Defendant claims that the *Archuleta* settlement was "a final judgment on the merits" which establishes the second element of *res judicata*. *Id. at 6.* Finally, the Defendant argues that the instant case involves the same transactional facts as in *Archuleta* which was also a dispute over the inclusion of premium pay and pay increases in the lump sum payment of accrued annual leave for federal workers. *Id. at 7.*

On the other hand, the Plaintiffs argue that the elements required to prevail on a claim of *res judicata* are not satisfied and thus the claims are not precluded. *P. Br. at 9.* The Plaintiffs argue that the parties in the present suit are not identical or in privity with the class members in *Archuleta*. *Id. at 10.* In support of this contention, the Plaintiffs contend that the previous case did not name any plaintiffs that are named in the current case nor was there a contractual or legal basis that joined the parties in privity. *Id.* Further, the Plaintiffs argue that while the complaint in *Archuleta* referenced a broader group of plaintiffs, the final settlement included a narrower settlement class which did not include the Plaintiffs in the present case. *Id.*

The Court finds that the *Archuleta* litigation was resolved by a settlement agreement that defined the settlement class as consisting of employees of specifically named agencies which did not include the current named Plaintiffs. For that reason, the parties in the two suits are not identical. Further, there is no basis to conclude that legal privity existed between the parties in *Archuleta* and those involved in the present litigation. Therefore, the Court **DENIES** the Defendant's Motion to Dismiss based on the doctrine of *res judicata*.

B. The Claims are not Barred by the Statute of Limitations

All claims filed in this Court must be brought within six years from the time that the claims first accrued. 28 U.S.C. § 2501. "Under the Tucker Act, a claim accrues 'when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.'" *MacLean v. United States*, 67 Fed. Cl. 14, 18 (2005). According to the Defendant, the Plaintiffs' claims accrued upon leaving federal employment. *D. Br. at 9.* The Defendant argues that in the case of each named Plaintiff, separation from federal service occurred more than six years before filing their complaint and, therefore, the statute of limitations would bar their claims. *Id.*

The Plaintiffs, however, argue that based on equitable tolling principles the statute of limitations was tolled from the time *Archuleta* was filed on April 7, 1999 until the case settled on June 1, 2006. *P. Br. at 27.*

The Plaintiff contends that the Irwin Doctrine, enunciated in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), applies equitable tolling to suits against the government in the same way it is applied to disputes involving private litigants unless Congress clearly expresses a contrary

intent. *P. Br. at 16;Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)*; Kirkendall v. Dep't of Army*, 479 F.3d 830, 836 (Fed. Cir. 2007) . Next, the Plaintiffs assert that the courts have not precluded the applicability of equitable tolling on suits brought under the Tucker Act. *Id. at 18.* The Plaintiffs then argue that the statute of limitation in this case should be tolled based on the Supreme Court ruling in *American Pipe v. Utah*, 414 U.S. 538 (1974). The Plaintiffs argue that under that rule, once a class action is filed, the statute of limitations is tolled for all putative class members. *P. Br. at 21.* The Plaintiffs assertion is that the *Archuleta* class action tolls the statute of limitations in the instant suit because they were putative class members of the earlier litigation.

The Court agrees with the Plaintiffs that equitable tolling of the statute of limitation under the Tucker Act is appropriate in this case. As the Plaintiffs noted, the government became aware of the Plaintiffs' claims through the *Archuleta* suit and, therefore, cannot claim any "'undue' administrative burden" arising from tolling the statute of limitations. *P. Br. at 19.* Further, the Court agrees with the Plaintiffs that equitable tolling in this case will encourage the "aggregation of many small claims." *Id*. Hence, equitable tolling in this case would be consistent with the goals of judicial efficiency promoted by class actions. The Court further concludes that the *Archuleta* suit tolled the statute of limitations for the Plaintiffs based on the principle announced in *American Pipe*. In that case, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id. at 554.* Applying *American Pipe*, the *Archuleta* suit would have included the Plaintiffs in this case had the litigation continued. Therefore, the previous suit equitably tolled the statute of limitations for the instant Plaintiffs until the settlement severed their claims.

C. The Claims are not Barred by Laches

In the alternative, the Defendant raises the affirmative defense of laches to bar the Plaintiffs' claims. *D. Br. at 9.* The doctrine of laches "recognizes the need for the speedy vindication or enforcement of rights." *Henson v. United States*, 27 Fed. Cl. 581, 591 (1993). The defense of laches requires a showing of "unreasonable and unexcused" delay by the plaintiff in filing suit that prejudices the defendant. *Cornetta v. United States*, 851 F.2d 1372, 1377-1378 (Fed. Cir. 1988). Prejudice may take the form of an inability to "mount a defense" or economic harm. *Id.*

In support of its laches defense, the Defendant argues that the Plaintiffs waited seven to eleven years to file their suit without offering any reasons for the delay. *D. Br. at 11.* To establish the second element of laches, the Defendant argues that the delay has prejudiced their ability to mount a defense. *Id*. The Defendant alleges that because the events at issue took place so long ago, the government now faces difficulties in locating information they need to mount a defense. *Id*. Specifically, the Defendant points to the difficulty in finding former personnel who would have knowledge of the lump sum payout made to the Plaintiffs and the likelihood that they will no longer recall what happened even if located. *Id*. Further the Defendant argues that there are no assurances that personnel records concerning the lump sum payment to the Plaintiffs are still available. *Id*. Therefore, the Defendant maintains that they have established the elements of laches by showing an unreasonable delay that has resulted in prejudice to their ability to defend the suit.

The Plaintiffs argue that waiting until the class was determined in *Archuleta* before filing suit was "eminently reasonable." *P. Br. at 28.* The Plaintiffs argue that there is no prejudice made against the Government's ability to mount a defense. *Id. at 29*. In response to Defendant's claim concerning the location of records, the Plaintiffs contend that the relevant personnel information is kept by the government in electronic format which is currently available. *Id*. Further, the Plaintiffs argue that locating former employees involved in the Plaintiffs' lump sum calculation is not essential to the defense because of data retained by the Government. *Id*. In addition, the Plaintiffs argue that the Defendant was aware of the need to preserve evidence that could be used in this case based on the *Archuleta* suit filed in 1999 because it referenced all government employees. *Id. at 29*.

The Court finds that the Plaintiffs were reasonable to await settlement in *Archuleta* before bringing their own separate claims. Therefore, there was no unreasonable delay on the part of the Plaintiffs to file their suit. Moreover, personnel records are still available and the Government had notice of the claims based on the *Archuleta* suit. For that reason, the Court **DENIES** Defendant's Motion to Dismiss based on the doctrine of laches.

## CONCLUSION

For the reasons set forth in this opinion, the Court hereby **DENIES** Defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Court will contact the parties to schedule a telephone status conference to discuss further litigation in this matter.

**It is so ORDERED.**

s/Loren A. Smith
LOREN A. SMITH
SENIOR JUDGE