IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GERALD K. KANDEL, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-872C |
| | ) | Senior Judge Loren A. Smith |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER
DENYING DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully requests that the Court reconsider its August 21, 2007 opinion and order denying defendant's motion to dismiss in light of the Supreme Court's recent decision in John R. Sand & Gravel Co. v. United States, No. 06-1164, 2008 WL 65445 (U.S. Jan. 8, 2008). In its order, this Court held that it was appropriate to equitably toll the statute of limitations contained in 28 U.S.C. § 2501 with respect to plaintiffs' claims. However, the Supreme Court's opinion makes clear that the limitation contained in section 2501 is absolute and jurisdictional in nature and that, as such, it is not susceptible to equitable tolling. Id. at 654.

This Court's decision allowing plaintiffs' claims to be equitably tolled cited for support to the Supreme Court's decision in American Pipe v. Utah, 414 U.S. 538 (1974). In that case, the Court held that the filing of a class action tolls the statute of limitations as to the claims of all putative class members during the pendency of the class motion. Id. at 554.

However, American Pipe did not involve claims against the United States.

In order to persuade this Court to apply the holding in American Pipe to their claims in this case, plaintiffs relied on Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990). In Irwin, the Supreme Court held that equitable tolling should be applied to suits against the government in the same way it is applied to disputes involving private litigants unless Congress clearly expresses a contrary intent. Id. at 95-96. Plaintiffs argued that pursuant to the Irwin doctrine, the equitable tolling principles of American Pipe should be applied to plaintiffs' claims in this case.

The decision in John R. Sand & Gravel demonstrates the untenability of plaintiffs' argument. Although the issue in John R. Sand and Gravel Co, was waiver rather than equitable tolling of the statute of limitations, the Court took the opportunity presented by that case to comprehensively discuss section 2501. In clear and unmistakable terms, the Supreme Court stated that it has long interpreted section 2501 as absolute and jurisdictional in nature. Id.

It noted that this jurisdictional nature precludes a court from considering whether certain equitable considerations warrant extending the limitations period. Id. And it clarified that nothing in its decision in Irwin, effected any change in this

long-standing interpretation of section 2501. Id.

The Court noted that Irwin did not deal with section 2501 but, rather, with a different limitations statute. Id. It observed that the statute in Irwin was unlike the one contained in section 2501 because the Supreme Court had not previously provided a definitive interpretation of the Irwin statute, whereas it had previously defined section 2501 as being of an absolute jurisdictional nature. Id.

Moreover, the Supreme Court noted that the opinion in Irwin mentioned the Court's earlier opinion in Soriano v. United States, 352 U.S. 270 (1957), a case in which the jurisdictional and absolute nature of section 2501 was reconfirmed, but said nothing at all about overturning either Soriano or any of its progeny. The Court observed that Courts do not normally overturn a long line of earlier cases without mentioning the matter.

Finally, the Supreme Court observed that Irwin adopted a "rebuttable presumption" of equitable tolling. It noted, the word "rebuttable" means that the presumption is not conclusive. It concluded that the definite earlier interpretation of section 2501 finding a Congressional intent to establish an absolute jurisdictional bar to suits more than six years old, offered a sufficient rebuttal to the presumption.

In sum, the Supreme Court's decision in John R. Sand & Gravel, precludes any reliance upon Irwin for the proposition

that section 2501 is susceptible to equitable tolling. It establishes clearly that section 2501 is absolute and jurisdictional in nature.

Plaintiffs' claims which accrued more than six years prior to the filing of their complaint are beyond this Court's jurisdiction. Absent jurisdiction, this Court has no authority to consider tolling or any other equitable issues.

Given the Supreme Court's analysis of section 2501, this Court's decision to deny our motion to dismiss based upon the Court's holding that the filing of a class action complaint in Archuletta "equitably tolled the statute of limitations for the instant [p]laintiffs," cannot stand. Accordingly, we respectfully request that the Court reconsider its opinion and order of August 21, 2007, grant defendant's motion to dismiss plaintiffs' claims as barred by the statute of limitations and dismiss the complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Hillary A. Stern
HILLARY A. STERN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

January 22, 2008