No. 06-872C
Senior Judge Loren A. Smith

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GERALD K. KANDEL, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

HILLARY A. STERN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

March 31, 2008

# TABLE OF CONTENTS

PAGE

Defendant's Reply To Plaintiffs' Response To Defendant's Motion For Reconsideration Of The Court's Order Denying Defendant's Motion To Dismiss . . . . . . . . . . . . . . . . . . . 1

I. The Supreme Court's Decision In Sand & Gravel Precludes Tolling Of Title 28 U.S.C. § 2501 . . . . . . 1

II. There Is No Exception In Sand & Gravel For Tolling Based Upon A Prior Class Action . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

American Pipe & Construction Co., v. Utah,
414 U.S. 538 (1974) . . . . . . . . . . . . . . . . . . . passim

Barbieri v. United States,
15 Cl. Ct. 747 . . . . . . . . . . . . . . . . . . . . . 9, 12, 13

Bowles v. Russell,
121 S. Ct. 2360 (2007) . . . . . . . . . . . . . . . . . 11, 12

Burnett v. New York Central R. Co,
380 U.S. 424 (1965) . . . . . . . . . . . . . . . . . . . . 5, 6

Crown Cork & Seal v. Parker,
62 U.S. 345 (1983) . . . . . . . . . . . . . . . . . . . . . 5

Devlin v. Scardelletti,
536 U.S. 1 (2002) . . . . . . . . . . . . . . . . . . . . . 6, 7

Irwin v. Department of Veterans Affairs,
498 U.S. 89 (1990) . . . . . . . . . . . . . . . . . . passim

John R. Sand & Gravel Co. v. United States,
No. 06-1164, 2008 WL 65445 (U.S. Jan. 8, 2008) . . . passim

Milam v. United States Postal Service,
674 F.2d 860 (11th Cir. 1982) . . . . . . . . . . . . . . 12

Solow v. United States,
78 Fed. Cl. 86 (2007) . . . . . . . . . . . . . . . . . . . 4

Soriano v. United States,
352 U.S. 270 (1957) . . . . . . . . . . . . . . . . . . 10, 12

Stone Container Corp. V. United States.,
229 F.3d 1345 (2000) . . . . . . . . . . . . . . . . 7, 9, 10

Wood-Ivey Systems Corporation v. United States,
4 F.3d 961 (Fed. Cir. 1993) . . . . . . . . . . 9, 10, 11, 12

## STATUTES

28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . 1, 2

28 U.S.C. 2636(I) . . . . . . . . . . . . . . . . . . . . . . . 10

41 U.S.C. 609(a) . . . . . . . . . . . . . . . . . . . . . . . 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GERALD K. KANDEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06-872C |
| | ) | Senior Judge Loren A. Smith |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO DISMISS

In our opening motion, we demonstrated that this Court's decision to equitably toll the statute of limitations contained in 28 U.S.C. § 2501 could not stand in light of the Supreme Court's recent decision in John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008). There, the Supreme Court expressly stated that the mandatory, jurisdictional nature of section 2501 precludes equitable tolling of that statute.

In their opposition to our motion, plaintiffs argue that Sand & Gravel is irrelevant to this case because it did not overturn American Pipe & Construction Co., v. Utah, 414 U.S. 538 (1974), and because the American Pipe tolling rule allegedly is not based upon equitable considerations. However, plaintiffs' contentions are without merit.

I. The Supreme Court's Decision in *Sand & Gravel* Precludes Tolling Of Title 28 U.S.C. § 2501

In our motion for reconsideration, we established that,

pursuant to Sand & Gravel, the statute of limitations contained in 28 U.S.C. § 2501 is absolute, mandatory, and jurisdictional and, thus, not subject to equitable tolling. We noted that although Sand & Gravel did not involve equitable tolling, the Supreme Court took the opportunity presented in that case to comprehensively discuss section 2501. As part of that discussion, the Supreme Court clarified that, while its decision in Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) generally authorized the application of equitable estoppel against the Government, it did not open the door to application of that doctrine in cases involving section 2501.

Plaintiffs' assertion that Sand & Gravel did not overrule American Pipe misses the point. In American Pipe, the Supreme Court fashioned a tolling rule with respect to class action complaints but said nothing about the applicability of that rule in cases involving section 2501. Pursuant to the Court's decision in Sand & Gravel, equitable tolling, whether the American Pipe kind or any other kind of equitable tolling rule, is not applicable to suits barred by section 2501.

Plaintiffs also contend that our discussion of Sand & Gravel's effect upon Irwin is misplaced because this Court allegedly did not rely upon Irwin for its decision. Pl. Br. 5-6. That position is disingenuous. In plaintiffs' opposition to our motion to dismiss, they relied heavily upon Irwin, not as a "alternative argument," as they now claim, pl. br. 6, but as

authority to apply equitable tolling to cases against the Government, including those arising under section 2501. Pl. Opp. 16-21. This Court, evidently, agreed with their arguments.

In Sand & Gravel, the Supreme Court made clear that Irwin is not authority for the application of equitable estoppel against the Government when the statute of limitations at issue is section 2501. Without Irwin, plaintiffs have no other authority for applying American Pipe tolling in this case.

II. There Is No Exception In *Sand & Gravel* For Tolling Based Upon A Prior Class Action

Plaintiffs also argue that Sand & Gravel is irrelevant because that case only bars equitable tolling of section 2501. They contend that the tolling rule created in American Pipe and applied by the Court in this case is not equitable in nature. Pl. Br. 14.

Plaintiffs' contention that American Pipe tolling is not equitable in nature is completely at odds with the position they vehemently urged this Court to take in their opposition to our motion to dismiss as well as with the plain language of this Court's Order. In their opposition brief, plaintiffs devoted nearly a third of their brief to arguing that this Court should "equitably toll" the statute of limitations with respect to their claims in accordance with the rule in American Pipe. Pl. Opp. 16-26. To emphasize this point, their opposition contained headings titled: "The statute of limitations may be equitably tolled under the *Irwin* presumption" and "The statute of

limitations is <u>equitably tolled</u> under the doctrine of *American Pipe* and its progeny." [Emphasis added]. Pl. Opp. 16, 21.

It is only now that plaintiffs are faced with the Supreme Court's clarification that section 2501 cannot be equitably tolled, that plaintiffs suddenly have decided <u>American Pipe</u> does not involve equitable tolling. The timing of their new understanding of <u>American Pipe</u> renders it highly suspect, to say the least.

Moreover, plaintiffs' current interpretation of <u>American Pipe</u> is contrary to this Court's opinion. In its order denying our motion to dismiss, this Court clearly and expressly stated that it "agrees with the Plaintiffs that <u>equitable tolling</u> of the statute limitations under the Tucker Act is appropriate in this case." 78 Fed. Cl. 86, 89 (2007). [Emphasis added.]

Plaintiffs attempt to evade this express language by asserting that the Court's use of the term "equitable tolling" was "generic," the implication being that the Court did not really mean what it said. Pl. Br. 5. The Court, however, presumably is well aware of what the term "equitable tolling" means and was quite conscious of this meaning when it accepted plaintiffs' arguments that it equitably toll the statute of limitations with respect to their claims.

In any event, the theory that <u>American Pipe</u> does not involve the kind of tolling disallowed by <u>Sand & Gravel</u> is without merit. First, this theory is contrary to the Supreme Court's own view of

that case. In Irwin, the Supreme Court specifically identified American Pipe as an example of a case in which the Court allowed "equitable tolling." 498 U.S. at 96, fn. 3. As Irwin primarily concerned the issue of equitable tolling, it can be presumed that the Court was aware of the meaning of that term when it used it to describe the kind of tolling involved in American Pipe.

Moreover, contrary to plaintiffs' implication, neither American Pipe nor Crown Cork & Seal v. Parker, 62 U.S. 345 (1983), distinguish between the tolling rule fashioned in American Pipe and equitable tolling generally. Pl. Br. 14-15. In particular, plaintiffs are simply wrong when they suggest that Justice Blackmun's decision in Crown Cork & Seal "distinguished" traditional equitable tolling cases such as Burnett v. New York Central R. Co, 380 U.S. 424, 428 (1965), from American Pipe tolling. Indeed, quite the opposite is true.

Justice Blackmun's citation to Burnett followed his defense of American Pipe's tolling rule for class actions as not inconsistent with the purposes served by statutes of limitations designed to put defendant on notice of stale claims. Like American Pipe, Burnett involved the Supreme Court's approval of equitable tolling in a case in which it found that the purpose of the applicable statute of limitations was to put defendants on notice of adverse claims. Thus, Justice Blackmun did not distinguish the equitable tolling in Burnett from American Pipe tolling, rather, he relied upon it.

Additionally, plaintiffs' argument that American Pipe does not involve equitable tolling is based upon an overly simplistic analysis of that case. Plaintiffs suggest that American Pipe involves nothing more than an interpretation of FRCP 23 that allows the filing of a class action complaint to serve as the commencement of action on behalf of all the putative members of the class. Pl. Br. 11-14. According to this view, American Pipe adds nothing new to the jurisprudence of equitable tolling because it has long been accepted that the commencement of an action tolls the running of the statute of limitations for plaintiffs party to that complaint.

In American Pipe, however, the Supreme Court fashioned a tolling rule that accommodated the purposes of both FRCP 23 and some limitations statutes by treating putative plaintiffs as something like party plaintiffs for the purpose of computing their filing date in some instances. It did not interpret FRCP 23 in such a way as to make non-named class members party plaintiffs in all circumstances.

The Supreme Court recognized the flexibility of the party plaintiff label for putative class members in Devlin v. Scardelletti, 536 U.S. 1 (2002). In that case, the Supreme Court noted that non-named class members "may be parties for some purposes and not for others. The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based

on context." 536 U.S. at 10.

Moreover, it is clear from reading American Pipe that the decision in that case affords putative class members an additional tolling advantage that would not accrue to them if all American Pipe did was to interpret FRCP 23 as authority for treating non-named class members as party plaintiffs. For while it is generally accepted that the filing of a complaint tolls the statute of limitations as to plaintiff's claims contained in that complaint, it is also generally accepted that the tolling effect lasts only as long as the plaintiff's claims are pending. Stone Container Corp. v. United States, 229 F.3d 1345, 1353-54 (Fed. Cir. 2000). Once a particular plaintiff's claims are dismissed, the tolling effect previously afforded those claims due to the filing of the complaint, is cleaned out and is not resuscitated for any future filing by that plaintiff. Id.

If all American Pipe accomplished was to make putative class members party plaintiffs so that filing an action on behalf of the class would be exactly the same as filing an action on behalf of each individual putative class member, the tolling effect of the filing of the class action complaint would be wiped clean once class action status was denied and the putative members' claims divorced from the complaint. That is not the holding of American Pipe, however. Rather, the Supreme Court held that the claims of putative class members were tolled during the pendency of the class action complaint and that the tolling effect

survived to apply to future filings of the putative class members.

Importantly, the Supreme Court made very clear in American Pipe that, in allowing the pendency of a prior class action complaint to toll the statute of limitations for claims filed after the denial of class action status, it was balancing the purposes of FRCP 23 with the purposes of statutes of limitations that are “designed to promote justice by preventing . . . the revival of claims that have been allowed to slumber.” 414 U.S. at 554-55. This balancing of the equities protected by the class action rule of FRCP 23 and the equities protected by statutes of limitations is the hallmark of equitable tolling. If the Supreme Court’s only concern in American Pipe had been the proper interpretation of FRCP 23, it would not have needed to consider the purposes of limitations statutes.

While the Supreme Court’s decision in American Pipe weighed the rule it created against the purposes of those statutes of limitation created to prevent the revival of slumbering claims, its decision in Sand & Gravel recognizes that not all statutes of limitations have the prevention of stale claims as their goal. In Sand & Gravel, the Court divided statutes of limitations into two categories: those designed to protect defendant’s against stale or unduly delayed claims (subject to equitable tolling) and those that seek to achieve a broader system-related goal (not subject to equitable tolling). 128 S. Ct. At 753. In American

Pipe, the Supreme Court clearly had the first category of statutes of limitations in mind when fashioning the tolling rule it applied in that case. In Sand & Gravel, the Supreme Court put section 2501 in the second category, the category not addressed by American Pipe.

Finally, plaintiffs argue that the decisions of the United States Court of Appeals for the Federal Circuit in Stone Container Corp. V. United States, 229 F.3d 1345 (Fed. Cir. 2000), and Wood-Ivey Systems Corp. v. United States, 4 F.3d 961 (Fed. Cir. 1993), as well as this Court's decision in Barbieri v. United States, 15 Cl. Ct. 747 (1988), are consistent with their reading of American Pipe as nothing more than an interpretation of FRCP 23. However, plaintiffs' reliance upon these cases is misplaced.

In Stone Container Corp., the United States Court of Appeals for the Federal Circuit tolled the statute of limitations based upon the filing of a prior class action complaint. Stone Container Corp., however, did not involve section 2501.

Moreover, in Stone Container Corp, the court of appeals justified its application of American Pipe tolling upon the fact that the applicable statute of limitations, 28 U.S.C. 2636(I), expressly incorporated Rule 23 of the Rules of the Court of International Trade (RCIT) (which the court said was essentially identical to FRCP 23.) Thus, in Stone Container Corp., the underlying purposes of the pertinent class action rule were

incorporated into applicable statute of limitations.

By contrast, section 2501 does not incorporate or otherwise refer to RCFC 23. Nor is it consistent with the policies underlying RCFC. Indeed, in Sand & Gravel, the Supreme Court expressly held that the underlying purpose of section 2501 was not the same as the purpose of the kind of limitations statutes that American Pipe held were consistent with FRCP 23. Thus, Stone Container cannot be relied upon by plaintiffs as authority for tolling of section 2501.[1]

Additionally, Stone Container Corp. was issued before Sand & Gravel. Thus, any aspects of Stone Container Corp. that are inconsistent with Sand & Gravel cannot be considered good law. This includes the court of appeals' observation that Soriano v. United States, 352 U.S. 270 (1957), was "explicitly overruled" by Irwin, a theory soundly rejected by Sound & Gravel.

Plaintiffs' reliance upon Wood-Ivey Systems, is similarly misplaced. In Wood-Ivey, the Court of Appeals for the Federal Circuit held that, although the statutory period for bringing suit ended on a Saturday, the contractor's action filed the following Monday was timely. The majority opinion states that the decision did not constitute an application of equitable tolling. Rather, the Court said it only involved the application

[1]Importantly, in Stone Container Corp., the court of appeals was careful to note that there is a conflict among the circuits regarding whether the rule of American Pipe applies to opt-in class actions. The court of appeals expressly declined to resolve that issue. RCFC 23 provides for an opt-in class action.

of Claims Court Rule 6(a), pertaining to the computation of time, to the statute of limitations contained in 41 U.S.C. 609(a).

Unlike this case, however, Wood-Ivey did not involve section 2501 or any other mandatory, jurisdictional statute of limitations, nor did it involve American Pipe tolling. These facts render its holding irrelevant to this case.

Plaintiffs apparently cite the majority opinion in Wood-Ivey for its reasoning rather than its holding. Unfortunately, much of that reasoning does not hold up well in light of the Supreme Court's decision in Sand & Gravel. Indeed, the concurring and dissenting opinion of Judge Nies, who believed the action taken by the court of appeals in Wood-Ivey did constitute "equitable tolling" now seems prescient.

For example, in Wood-Ivey, the court of appeals' majority opinion quotes the decision of the United States Court of Appeals for the Eleventh Circuit in Milam v. United States Postal Service, 674 F.2d 860 (11th Cir. 1982), for the proposition that "[t]imely filing is not a prerequisite to federal jurisdiction." 4 F.3d at 963. The decision in Sand & Gravel makes clear that in cases involving section 2501, timely filing clearly is a prerequisite to Federal jurisdiction. See also Bowles v. Russell, 121 S. Ct. 2360 (2007)(When a time limit is jurisdictional, timely filing (of a notice of appeal) is a prerequisite for jurisdiction.)

In addition, the court of appeals in Wood-Ivey characterized

Soriano v. United States, supra, as "the case that the Supreme Court now considers obsolete if not overturned." 4 F.3d at 968. In Sand & Gravel, the Supreme Court expressly stated that Soriano was still good law. 128 S. Ct. at 756-757.

Judge Nies's concurring and dissenting opinion in Wood-Ivey expressly disagreed with the idea that timely filing is not a prerequisite to Federal jurisdiction. 4 F.3d at 964-965. She cited Soriano for this proposition and, then, opined that the limitations statute at issue could be read to encompass an extension of the statute of limitations time period on the grounds asserted. Id. at 967-968. Sand & Gravel makes clear that the analysis employed by Judge Nies is the correct one to apply to situations that do not involve mandatory, jurisdictional limitations statutes. It makes equally clear that jurisdictional limitations periods, such as that contained in section 2501, cannot be read to encompass an extension of the statute of limitations time period for any reason other than those exceptions expressly provided in the statute itself.

Finally, Barbieri, upon which plaintiffs also rely, simply can no longer be considered good law. Barbieri involves an application of the American Pipe rule to section 2501. But the Court's decision in Barbieri glosses over precedent requiring strict construction of section 2501 due to its jurisdictional nature, merely stating that "this jurisprudence has no bearing on the issue which confronts us here," which the Court views as its

power to entertain class actions and to determine the timing of claims. 15 Fed. Cl. at 752.

Contrary to the view expressed by the Court in Barbieri, we have demonstrated that American Pipe does involve equitable tolling and, consequently, that the jurisdictional nature of section 2501 is at issue. Based upon Sand & Gravel, equitable tolling of section 2501 is not permissible. Accordingly, Barbieri is no longer good law.

## Conclusion

For the foregoing reasons, we respectfully request the Court to grant this motion and dismiss plaintiffs' complaint as barred by the statute of limitations.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Hillary A. Stern
HILLARY A. STERN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

March 31, 2008

CERTIFICATE OF FILING

I hereby certify that on this 31st day of March 2008, a copy of the foregoing "DEFENDANT’S REPLY TO PLAINTIFFS’ RESPONSE TO DEFENDANT’S MOTION FOR RECONSIDERATION OF THE COURT’S ORDER DENYING DEFENDANT’S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court’s system.

/s/ Hillary A. Stern