# In the United States Court of Federal Claims

Case No.06-872C
FOR PUBLICATION
Filed: January 30, 2009

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| **GERALD K. KANDEL, et al.,** | * | FRCP 23; Statutory Tolling; |
|  | * | Motion for Reconsideration; |
| *Plaintiffs*, | * | *Blueport Co., LLC v. United States*, |
| v. | * | 533 F.3d 1374 (Fed. Cir. 2008); |
|  | * | 25 U.S.C. § 2501; RCFC 23; |
| **THE UNITED STATES**, | * | *John R. Sand & Gravel Co. v.* |
|  | * | *United States*, 128 S.Ct. 750 (2008); |
| *Defendant.* | * | Opt-in, Opt-out Class Actions; |
|  | * | Equitable Tolling; *Irwin* Doctrine |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ira M. Lechner*, Escondido, California, for Plaintiffs.

*Hillary A. Stern*, with whom were *Jeffrey S. Bucholtz*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for Defendant.

## OPINION

**SMITH**, Senior Judge:

This case is now before the Court on the Government's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Dismiss. In support of its motion, the Government cites the recent Supreme Court decision *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750 (2008). The Government argues that this new decision precludes the Court from considering whether certain equitable considerations warrant extending the statute of limitations contained in 28 U.S.C. § 2501. After full briefing, including Plaintiff's Response and Government's Reply, oral argument, and careful consideration, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Dismiss.

1

## FACTS[1]

Federal civilian employees are entitled to a lump sum payment of their accrued annual leave when they separate from government service or enter the military on active duty. 5 U.S.C. §§ 5551, 5552. The Plaintiffs in this case were all previously employed by the United States Information Agency, the Resolution Trust Corporation, and/or the Nuclear Regulatory Agency. Plaintiffs received a lump sum payment of their accrued leave upon separation from service. Plaintiffs claim that the calculation of the payout amount did not include certain forms of premium pay or scheduled pay increases they would have received if they worked through their period of accrued annual leave. Compl. at ¶¶ 2,3. Plaintiffs in this suit all left federal service at different times, about the years 1995 through 1999. *Jean-Robin Solow, et al. v. United States*, 78 Fed. Cl. 86, 87 (2007).

In 1999, a separate class action suit was brought before this court in *Archuleta v. United States*, Case No. 99-205C. The *Archuleta* case was filed on behalf of employees of all federal agencies claiming that the government miscalculated the lump sum payment amount of accrued annual leave owed to them when they separated from service. The parties ultimately agreed to settle the claims in the *Archuleta* suit, however, the settlement order limited the settlement class to employees of 17 named federal agencies - not including any of the agencies enumerated in this case. In the order approving the settlement, this Court stated: "all claims that were or could have been made in the litigation by the named plaintiffs, are dismissed with prejudice. . . ." *Order Approving Settlement*, filed June 2006. Plaintiffs filed this suit on December 21, 2006, and the remaining Plaintiffs from the *Archuleta* case have continuing litigation in this Court in another case. *See Athey v. United States*, Case No. 99-2051.

On March 21, 2007, the Government filed a motion to dismiss the present suit for lack of subject matter jurisdiction under RCFC 12(b)(1). On August 21, 2007, this Court denied Defendant's Motion to Dismiss, and held that "equitable tolling of the statute of limitation under the Tucker Act [wa]s appropriate." *Solow*, 78 Fed. Cl. at 89 (hereinafter "Opinion and Order"). Thereafter, the Government filed a Motion for Reconsideration on January 22, 2008, Plaintiff's responded, and oral argument was held. For the reasons set forth below, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Dismiss.

## DISCUSSION

All claims filed in this Court must be brought within six years from the time they first accrue. 28 U.S.C. § 2501. "Under the Tucker Act, a claim accrues 'when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.'" *MacLean v. United States*, 67 Fed. Cl. 14, 18 (2005). In this case, Plaintiffs' claims accrued upon leaving federal

---

[1] For a more thorough discussion of the facts related to this case, see *Jean-Robin Solow, et al. v. United States*, 78 Fed. Cl. 86 (2007).

employment which occurred between the years of 1995 and 1999. *Solow*, 78 Fed. Cl. at 88. Defendant argues that in the case of each named Plaintiff, separation from federal service occurred more than six years before filing the complaint and, therefore, the statute of limitations bars the claims. D. Reply Br. at 5. The Plaintiffs, however, argue that based on equitable tolling principles, the statute of limitations should be tolled from the time *Archuleta* was filed on April 7, 1999 until the case settled on June 1, 2006. P. Br. at 4. In the alternative, Plaintiffs argue that equitable tolling is not an issue because the statute of limitations was satisfied when *Archuleta* was filed. *Id.*

### I. Equitable Tolling

The Court held in its Opinion and Order that under the principles announced in *American Pipe v. Utah*, 414 U.S. 538 (1974), the *Archuleta* suit tolled the statute of limitations for Plaintiffs, because it "would have included the Plaintiffs in this case had the litigation continued." *Solow*, 78 Fed. Cl. at 89. The reasoning, under *American Pipe,* was that once a class action is filed, the statute of limitations is tolled for all previous class members. *Id.* at 88. The Court applied the *American Pipe* equitable tolling principles to this issue using the *Irwin Doctrine*. *See Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89 (1990). *Id.* at 88. The Court interpreted *Irwin* to allow equitable tolling in suits against the government in the same way it is applied to disputes involving private litigants unless Congress clearly expresses a contrary intent. *Irwin*, 498 U.S. at 95-96.

However, in 2008, the Supreme Court examined the *Irwin* case and the long history of cases regarding equitable tolling. *John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750 (2008). In *John R. Sand*, the Supreme Court divided statutes of limitations into two categories, and held that 28 U.S.C. § 2501 fell into the category referred to as "jurisdictional." *Id.* at 753-54. This category, the court stated, is a "more absolute kind of limitations period" as opposed to "an affirmative defense" that would permit a court to "toll the limitations period in light of special equitable considerations." *Id.* at 754. The Supreme Court explicitly stated that "jurisdictional" statutes of limitations "forbid[ ] a court to consider whether certain equitable considerations warrant extending a limitations period." *Id.* at 753. Thus, the Supreme Court clarified that § 2501 is jurisdictional and that notions of equitable tolling do not apply.

Subsequently, the Federal Circuit mentioned *John R. Sand* in a recent opinion and cited it as "reaffirming [ ] the statute of limitations for the Court of Federal Claims, 28 U.S.C. § 2501, [a]s a jurisdictional limitation that requires sua sponte consideration." *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1380 (Fed. Cir. 2008) *citing Sand*, 128 S.Ct. at 753-54. In that opinion, the Federal Circuit reiterated that jurisdictional time limits are "not subject to . . . equitable tolling." *Id.*

Given this recent review of the *Irwin Doctrine,* and the tolling principles applicable to this Court, from both the Supreme Court and the Federal Circuit, this Court holds that Section 2501 is unquestionably jurisdictional and that equitable tolling doctrines have no effect on the application of the limitations period. Accordingly, the Court holds that equitable tolling cannot toll the statute of limitations for Plaintiffs in this case.

### II. Statutory Tolling

While the Court agrees with the Government that equitable tolling can not now apply to the claims in this case, the Court rejects the Government's proposal that the case should be dismissed for lack of subject matter jurisdiction. Even though equitable tolling does not apply, the Court finds that statutory tolling applies from the time *Archuleta* was filed to the date *Archuleta* settled, and therefore, the case was filed within the six year statute of limitations.

For non-class action cases, it has long been held that the filing of a complaint stops the running of the statute of limitations. *See Henderson v. United States*, 517 U.S. 654, 657 (1996). *See also* Fed. R. Civ. P. 3. However, in a non-class action case, once a complaint is dismissed, a plaintiff does not usually enjoy the benefits of tolling of time for the period during which the action was pending. Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2367 (2d ed. 1995); *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995).

According to the Federal Circuit, "[a] somewhat different rule applies under [Federal] *Rule 23* for class actions." *Stone Container Corp. v. United States*, 229 F.3d 1345, 1354 (Fed. Cir. 2000). Specifically, *Stone Container* states that "*Rule 23* tolling is statutory rather than equitable." *Id.* at 1354. *Stone Container*, citing *American Pipe,* states that the commencement of a class action suspends the applicable statute of limitations to all members of the asserted class. *Id.* at 1354-55 (*citing American Pipe*, 414 U.S. at 554 and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 (1983)). Once the class action is dismissed, however, the time begins to run again. *Id.* at 1355. While *Stone Container* specifically held that statutory tolling applies for all asserted members of a class during the commencement of a class action, *Stone Container* involved an opt-out class.

The Federal Circuit has not addressed statutory tolling for opt-in classes, as in *Archuleta* and every class action within this Court. While there are differences between opt-out and opt-in class actions,[2] and differences between the Federal Rules of Civil Procedure and this Court's Rules with respect to class actions,[3] these differences do not effect the analysis and outcome in this case. For an opt-in provision to be meaningful, the statute of limitations must be tolled during pending litigation. Without tolling, the statute of limitations would expire at different times for each

---

[2] Black's Law Dictionary defines "opt-out class[es]" as "[a] plaintiff class certified under Federal Rules of Civil Procedure 23(b)(3), from which class members may choose to exclude themselves" whereas "opt-in" is defined as "choos[ing] to participate in." *Black's Law Dictionary* 266, 1127 (8th ed. 2004).

[3] Since relief in this Court is generally confined to individual money claims against the United States, the situations justifying the use of a class action are correspondingly narrower than those addressed in FRCP 23. Additionally, opt-out class certifications were viewed as inappropriate in this Court "because of the need for specificity in money judgments against the United States, and the fact that the Court's injunctive powers - the typical focus of an opt-out class - are more limited than those of a district court." Rules Committee Notes, RCFC 23, 28 U.S.C.A. (2007).

potential class member. *See Sperling v. Hoffman-La Roche, Inc.,* 24 F.3d 463, 467 (3d Cir. 1994) (describing practical problems that would ensue if tolling were not permitted in opt-in class actions and holding that an opt-in class action member can join a representative suit filed after the statute of limitations on individual actions has run).

This case involves a class action that began with the *Archuleta* filing in 1999. In *Archuleta*, the class action named all Plaintiffs in federal service, but the settlement specifically held that it pertained to only 17 named federal agencies: "all claims that were or could have been made in the litigation by the *named* plaintiffs, are dismissed with prejudice . . . ." *Order Approving Settlement*, filed June 2006 (emphasis added). Not included in that settlement were the Plaintiffs in this case and Plaintiffs from the Department of Veterans Affairs continuing in Case No. 99-2051. Here, the Plaintiffs all separated from federal employment between 1995 and 1999, and were all previously employed by federal agencies not named, but still covered by, the original *Archuleta* complaint naming all federal agencies.

Applying *Stone Container* to this case, it is clear that these Plaintiff's claims were statutorily tolled during the *Archuleta* litigation. Once, however, *Archuleta* was settled on June 1, 2006, the jurisdictional clock began to run again. The statutory tolling was only in effect from *Archuleta's* filing on April 7, 1999 to June 1, 2006. Therefore, the method for calculating the statutory time in this action shall be from the date the individual Plaintiff separated from federal employment to the date *Archuleta* was filed, plus the time from the date *Archuleta* settled to the date this action was filed. Thus, it appears to the Court that all the Plaintiffs are timely and not jurisdictionally barred. Plaintiffs argue that they all departed from federal service between 1995 and 1999. Therefore, even adding the time between the *Archuleta* settlement and filing of this matter, all the Plaintiffs are well within the six year statute of limitations.[4]

## **CONCLUSION**

---

[4] Plaintiffs' counsel indicated at oral argument that some Plaintiffs may be "knocked out," with statutorily barred claims due to the "six months" of time added between *Archuleta's* dismissal and the filing of this action. (Oral Argument Tr. 21, April 15, 2008). The Court is unclear why this would be the case, however, if it is the case, the appropriate motion or amended complaint must be filed.

5

The Court therefore **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Dismiss. The Court holds that the filing of *Archuleta* tolled the statute of limitations from the date *Archuleta* was filed to the date *Archuleta* settled. The Court will contact the parties to schedule a telephone status conference to set the litigation schedule in this matter.

**It is so ORDERED.**

   s/Loren A. Smith
LOREN A. SMITH
SENIOR JUDGE