# In the United States Court of Federal Claims

No. 06-872
(E-Filed: April 30, 2014)

|  |  |  |
|---|---|---|
| GERALD K. KANDEL, et al., | ) ) ) | Class Action; Motion to Amend/Substitute Class Notice; Notice to Potential Class Members; RCFC 23; "Best notice that is practicable under the circumstances"; Lump-Sum Payment statute; 5 U.S.C. §§ 5551, 5552; Back Pay Act; 5 U.S.C. § 5596; Prejudgment Interest |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

Ira M. Lechner, Washington, DC, for plaintiffs.

Mikki Cottet, Senior Trial Counsel, with whom were Stuart F. Delery, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

Campbell-Smith, Chief Judge

This opt-in class action concerns the government's alleged miscalculation of lump sums for accrued and accumulated annual leave paid out by certain federal agencies to employees upon separation from federal service from October 14, 1993 to September 6, 1999. See Order App'g Class Certification, April 19, 2012, ECF No. 123 (Certification Order). Before the court is plaintiffs' motion to amend the court's approved notice to potential class members (the Official Notice or notice). Pls.' Mot. Substitute Am. Official Notice (Pls.' Mot.), June 17, 2013, ECF No. 129; see also Pls.' Prop. Order, June 27, 2013, ECF No. 132; Def.'s Resp., July 5, 2013, ECF No. 137; Pls.' Reply, July 15, 2013, ECF No. 139. Plaintiffs advocate revising the notice to reflect the availability of prejudgment interest, which they argue would be available under the Back Pay Act, 5 U.S.C. § 5596, if they establish underlying liability for violation of the Lump-Sum Payment statute, 5 U.S.C. § 5551. Pls.' Mot. 2–4. Plaintiffs' motion is **DENIED**.

I.      The Current Official Notice And Plaintiffs' Proposed Amendment

The current, court-approved Official Notice is addressed to potential class members and will be displayed on a website run by the Class Administrator.  See Official Notice, ECF No. 89-5, app'd by Certification Order 1–2.  It has not yet been published to potential class members.  See Pls.' Mot. 1–2.  The Official Notice states, in relevant part:

> To:    (1) Former employees of certain federal agencies who retired, separated (or died), from October 14, 1993 to September 6, 1999 . . . .
> . . . .
> (6) You may be eligible to receive a significant amount of back pay if you file your 'opt-in claim form' on time. . . .
> . . . .
> THE CLAIMS IN THE LAWSUIT
> . . . .
> 7.  Has the court decided who is right?
> The court has not decided whether the United States or the plaintiffs are correct.  By establishing the Class and issuing this Notice, the court is not suggesting that the plaintiffs will win or lose the case.  The plaintiffs must prove their claims at trial.  This litigation is currently in the early pretrial stage.

Official Notice at 1 (¶¶ 1, 6), 4 (¶ 7).[1]

Plaintiffs "propose that the first sentence in numbered paragraph 6 [on page one] . . . should be revised to add the words 'and interest' . . . as follows:  'You may be eligible to receive a significant amount of back pay and interest if you file your 'opt-in claim form' on time.'"  Pls.' Mot. 3.  Plaintiffs also propose that the first sentence of paragraph 7 on page four beginning, "The [c]ourt has not decided . . .[,]" be re-written to state:

> The [c]ourt has decided that interest is due and payable by the Government under the Back Pay Act if the plaintiffs' allegations are correct as to the issue of back pay for unused annual leave, but the [c]ourt has not decided whether the Government or the plaintiffs are correct as to the issue of back pay.  [By establishing the Class . . . .]

Id.

---

[1] The Official Notice notably references "back pay," seeming to imply relief under the Back Pay Act, 5 U.S.C. § 5596; however, the parties appear to have agreed to replace references to "back pay" with "supplemental lump-sum payment."  See Def.'s Resp., July 5, 2013, ECF No. 137, at 7 (citing evidence of their agreement).  In a separate order, the court will solicit input from the parties regarding this amendment.

II.    Discussion

Class action notices are governed by Rule 23(c)(2)(B) of the Rules of the United States Court of Federal Claims (RCFC or Rule).  The Rule provides that "the court must direct to class members the best notice that is practicable under the circumstances." RCFC 23(c)(2)(B).  Furthermore, "[t]he notice must clearly and concisely state in plain, easily understood language" the following:

(i)    the nature of the action;
(ii)    the definition of the class certified;
(iii)    the class claims, issues, or defenses;
(iv)    that a class member may enter an appearance through an attorney if the member so desires;
(v)    that the court will include in the class any member who requests inclusion;
(vi)    the time and manner for requesting inclusion;
(vii)    the binding effect of a class judgment on members under RCFC 23(c)(3).

RCFC 23(c)(2)(B)(i)–(vii).

While the Rule does not expressly address the court's authority to amend a notice once it issues, that authority is implied.  See RCFC 23(c)(2)(B) (requiring "best notice . . . practicable under circumstances"); RCFC 23(d)(1)–(2) (vesting the court with authority to issue, and amend, orders that, inter alia, affect "the course of proceedings" or "require . . . giving appropriate notice to some or all class members" under broadly enumerated circumstances).

In this case, the current Official Notice complies in all respects with the seven enumerated prerequisites.  See Official Notice (eight pages of detailed information addressing these threshold requirements).  In their motion, plaintiffs do not explicitly argue otherwise, see Pls.' Mot. 1–4, but in their reply brief they aver that the current version is "inaccurate" without a reference to prejudgment interest availability, Pls.' Reply 9.  Plaintiffs, however, fail to cite any authority that requires a class notice definitively state whether prejudgment is available.  To the contrary, Rule 23 does not contemplate including any definitive statements of law.  See RCFC 23(c)(2)(B)(iii) (notice should include "class claims, issues, or defenses").

Rather than challenging the threshold notice requirements enumerated in subsections (i)–(vii) of Rule 23(c)(2)(B), the court interprets plaintiffs' motion to suggest the current notice is not the "best notice that is practicable under the circumstances," as required by the opening phrase of Rule 23(c)(2)(B).  Throughout their motion, plaintiffs argue that their proposed prejudgment interest revisions are "important" as the

amendments "will clarify the issues for the benefit of potential members of the class," and "thereby be more accurate."  Pls.' Mot. 2, 3.

In support, plaintiffs point to the court's 2013 holding in another lump-sum payment class action, Athey v. United States, Case No. 99-2051 C, which was entered after this court entered the Certification Order in 2012 that approved the current Official Notice.  See Athey, 108 Fed. Cl. 617 (2013) (Smith, J.).  In Athey, Judge Smith denied defendant's Rule 12(b)(6) motion to dismiss, finding that plaintiffs therein stated a claim as to availability of relief under the Back Pay Act, 5 U.S.C. § 5596, inasmuch as the Athey plaintiffs' claims "adequately [fell] with the [Act's] defined terms of 'employee' and 'pay.'"  Athey, 108 Fed. Cl. at 622.  By extension, the Athey plaintiffs also appear to have stated a claim for prejudgment interest, available as a matter of right for certain violations of the Back Pay Act.  See id. at 620; see also 5 U.S.C. § 5596(b)(2) (Back Pay Act prejudgment interest provision).  In addition to relying on Athey, plaintiffs herein also make an independent argument for the applicability of the Back Pay Act interest provision to this case.  See Pls.' Reply 1–9.

Plaintiffs are correct that the Athey decision may affect this case if collateral estoppel principles apply, or if the court simply finds the logic in Athey persuasive.  See Pls.' Mot. 2, 4; see also A.B. Dick Co. v. Burroughs Corp., 713 F.2d 700, 702 (Fed. Cir. 1983) (explaining collateral estoppel); W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994) (explaining the role of persuasive authority).  However, the court has not ruled on these issues and its ultimate finding is not a foregone conclusion.  The doctrine of collateral estoppel is not absolute, see, e.g., Burroughs Corp., 713 F.2d at 702, and persuasive authority is not binding authority, Dalton, 39 F.3d at 315 ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.").

More importantly, the court need not resolve prejudgment interest in order to resolve this motion to amend the notice.  Plaintiffs cite no authority suggesting prejudgment interest is a prerequisite issue.  Regardless, the court finds that the proposed revisions would not produce the "best notice that is practicable under the circumstances," Rule 23(c)(2)(B), even if the court held prejudgment interest was available as a matter of law.  First, given the unsettled state of the law on prejudgment interest, it would be misleading to entice the participation of potential plaintiffs based on a promise of additional damages.  This is true even if the court resolved the unsettled law in plaintiffs' favor in this case, as such a decision would be interlocutory, subject to revision at any time before judgment.  See RCFC 54(b).  After judgment, moreover, a higher court might disagree; in that circumstance, any error of this court would extend, unnecessarily, beyond mere calculation of damages at the close of litigation.

Second, a definitive statement on the availability of interest is not central to the purpose of the notice.  "The admitted purpose of the notice . . . is to bring the claims of unnamed members of the plaintiff class before the court."  Farmers Co-op. Co. v. United

States, 90 Fed. Cl. 72, 73 (2009) (interpreting whether Rule 23 authorized pre-certification notice to class members) (quoting Pan Am. World Airways, Inc. v. United States Dist. Court for the Cent. Dist. of Cal., 523 F. 2d 1073, 1079 (9th Cir. 1975)) (internal citations omitted) (interpreting same under Fed. R. Civ. P. 23); see also 3 William B. Rubenstein, Newberg on Class Actions § 8:1 (5th ed.) (under similarly worded Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii), the purpose of the notice is to educate potential plaintiffs regarding the class certification).  The current notice accomplishes this goal by educating potential plaintiffs as to the certification of the class, the nature of the cause(s) of action, who is a proper opt-in participant, and other matters.  See Official Notice.  The current notice, moreover, already advises potential plaintiffs that the class seeks prejudgment interest among its claims.  Id. at 4 ¶ 5 ("Plaintiffs are asking for money damages . . . , plus interest to be paid to all . . . [c]lass [m]embers . . . .  This means that . . . you may be eligible for a significant payment when and if the court finds your agency did not comply with the law . . . .).

The "best notice . . . practicable under [these] circumstances," Rule 23(c)(2)(B), is a notice that does not take a definitive position on interest availability.  Plaintiffs' motion to amend the Official Notice, styled a Motion to Substitute An Amended "Official Notice" of the Court to Correct The Current Text [], ECF No. 129, filed June 17, 2013, is **DENIED**.

IT IS SO ORDERED.

 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge