# In the United States Court of Federal Claims

No. 06-872

(E-Filed July 31, 2017)

|  |  |  |
|---|---|---|
| GERALD K. KANDEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Motion for Partial Dismissal; RCFC |
| | ) | 12(b)(1); RCFC 12(b)(6); Class |
| | ) | Action; Lump-Sum Payment Statute; |
| v. | ) | 5 U.S.C. § 5551 (2012); Panama Canal |
| | ) | Treaty; 28 U.S.C. § 1502 (2012) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ira M. Lechner, Washington, DC, for plaintiffs.

Mikki Cottet, Senior Trial Counsel, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge

Before the court is defendant's motion for partial dismissal of the claims made by plaintiffs previously employed by the Panama Canal Commission (PCC) on the ground that the court does not possess subject matter jurisdiction, or alternatively, that the complaint fails to state a claim upon which relief may be granted to former PCC employees for supplemental lump-sum payments pursuant to 5 U.S.C. § 5551, the lump-sum payment statute. See ECF 252 at 1. For the reasons that follow, defendant's motion is **GRANTED in part, and DENIED in part**.

I.     Background

Plaintiffs filed the complaint in this class action more than ten years ago, on December 22, 2006. See ECF No. 1. In the complaint, plaintiffs allege that the government failed to make proper payments to employees of numerous federal agencies for annual leave that the employees had accrued at the time of retirement, death, or other

separation from federal service.  See ECF No. 1 at ¶ 10.  Specifically, plaintiffs claim that defendant did not make supplemental payments as required by 5 U.S.C. § 5551 et seq., the statute governing lump-sum payment for accumulated and accrued leave upon separation from employment.

The court granted plaintiffs' motion to certify the class, see ECF No. 76, and later defined the class to include:

> All civilian employees who retired, died, or separated under conditions enumerated in 5 U.S.C. §§ 5551 from October 14, 1993 and before September 7, 1999 from employment by all agencies, boards, commissions, and any other federal establishment or instrumentality of the United States other than the agencies, boards, commissions, and other federal entitles identified in Exhibit A attached hereto and the following: Department of Agriculture, Department of Commerce, Department of Defense and its component agencies (including the Corps of Engineers), Department of Energy, Department of Health and Human Services, Department of Housing and Urban Development, Department of the Interior, Department of Justice, Department of Labor, Department of State, Department of Transportation, Department of the Treasury, General Services Administration, Environmental Protection Agency, National Aeronautics Space Administration, Social Security Administration, Office of Personnel Management, General Accountability Office, Central Intelligence Agency, and the Department of Veterans Affairs; and

> (a)    who received a lump-sum payment for unused annual leave upon retirement, death or separation, and who did not receive a supplemental lump-sum payment as a result of the settlement of Archuleta v. United States; and/or

> (b)    whose pay rate would have increased as a result of any across-the-board annual adjustment and locality pay adjustment or general system-wide pay increase that would have become effective for that employee had the employee remained in service for the period of his or her unused annual leave, but such increased rate was not included in a supplemental lump-sum payment for unused annual leave or in the calculation of his or her initial lump-sum payment for unused annual leave; and/or[]

> (c)    who regularly received twenty-five percent (25%) of his or her rate of basic pay or work performed during a regularly scheduled, basic eight-hour tour of duty pursuant to 5 U.S.C. § 5546(a) during the period from October 14, 1993 to September 30, 1997 as evidenced by payment of Sunday pay pursuant to 5 U.S.C. § 5546(a) in the pay period immediately before he

or she retired, or separated, or died, and whose lump-sum payment did not include such Sunday pay for the period of his or her unused annual leave; and/or

(d)    who received a foreign post allowance under 5 U.S.C. 5924(1) as authorized by the U.S. Department of State's Standardized Regulations (Government Civilians, Foreign Areas) immediately prior to retirement, death, or separation in the foreign area but such allowance was not included in the calculation of the lump-sum payment for unused annual leave.

ECF No. 123 at 2-3.

The history of this case has been long and somewhat complex. Because the intricacies of that history are not directly relevant to resolution of the narrow issue presented in the instant motion, the court will not indulge in a lengthy description here. After many years of protracted motions practice, since the time the court issued its last substantive opinion on August 31, 2015, see ECF No. 198, the parties have been engaged in discovery.

Defendant filed the present motion for partial dismissal on October 14, 2016. See ECF No. 252. Briefing is complete, and the matter is now ripe for ruling. Due to the extensive discussion of the relevant issues during prior status conferences, oral argument on this motion is deemed unnecessary.

II.    Legal Standards

Defendant asks the court to dismiss the claims made by plaintiffs who are former employees of the PCC on the basis that the court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 252 at 7. In the alternative, defendant asks the court to dismiss claims made by employees who separated from employment between October 14, 1993, and September 22, 1996, for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6). See id. at 23-26.

Pursuant to the Tucker Act, the court has jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke the court's jurisdiction, plaintiffs must show that their claims are based upon a statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Plaintiffs bear the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint.  See RCFC 12(h)(3).

A complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  The basis for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).  However, "[i]n ruling on a RCFC 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to plaintiff." Bristol Bay Area Health Corp. v. United States, 110 Fed. Cl. 251, 259 (2013) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991).

III.   Analysis

In the complaint, plaintiffs claim that they are entitled to compensation pursuant to the lump-sum payment statute, 5 U.S.C. § 5551, et seq.  See ECF No. 1.  Defendant concedes that the lump-sum payment statute is money-mandating such that it "would ordinarily confer jurisdiction upon the Court to entertain a suit for money damages."  See ECF No. 252 at 13.  According to defendant, however, claims made by plaintiffs who are former PCC employees must be dismissed due to the implication of a different, jurisdiction-restricting statute.  Specifically, this court's already limited jurisdiction is further circumscribed in cases involving treaties.  The relevant statute provides:

> Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations.

28 U.S.C. § 1502.  In its motion to dismiss, defendant argues that the claims asserted by former PCC employees, while nominally made pursuant to the lump-sum payment statute, in fact grow out of and are dependent upon the Panama Canal Treaty, and are therefore beyond this court's authority to consider.  See ECF No. 252 at 14-17.

As support for this conclusion, defendant looks to the Federal Circuit's decision in Wood v. United States, 961 F.2d 195, 199 (Fed. Cir. 1992).  In Wood, the court analyzed whether plaintiff's claims grew out of, or were sufficiently dependent on, the Brazilian-American Treaty of June 16, 1976, such that this court was divested of subject matter jurisdiction pursuant to section 1502.  See id. at 199-200.  The court's reasoning

4

emphasized that courts narrowly construe section 1502. "Section 1502 has been given a narrow interpretation; its applicability is limited to those cases relying so heavily on a treaty that, but for the treaty, the plaintiff's claim would not exist." Id. at 199 (citing Hughes Aircraft Co. v. United States, 534 F.2d 889, 904 (Ct. Cl. 1976). Put another way:

> The test under § 1502 is whether plaintiff's claim could conceivably exist independently of, or separate and apart from, the subject treaty, or whether, on the contrary, it derives its existence so exclusively and substantially from certain express terms or provisions thereof, that consideration of the claim would necessitate our construction of the treaty itself.

Hughes, 534 F.2d at 903. See also United States v. Weld, 127 U.S. 51, 57 (1888) (reviewing a case involving the predecessor statute to 28 U.S.C. § 1502, and concluding that the "statute contemplates a direct and proximate connection between the treaty and the claim, in order to bring such claim within the class excluded from the jurisdiction of the Court of Claims").

Defendant argues that the claims of former PCC employees meet this test, and thus are outside the court's purview. The logic of defendant's position is this: the Panama Canal Treaty was codified as the Panama Canal Act; the Panama Canal Act created the Panama Canal Commission; and the Panama Canal Commission employed the individuals at issue here. See ECF No. 252 at 14-17. Thus, defendant concludes, the individuals' employment, and any rights or benefits flowing therefrom, grow out of and are dependent upon the Treaty such that section 1502 preempts this court's exercise of jurisdiction. See id. at 17.

Importantly, defendant contends that employees hired under the Panama Canal Act are subject to a separate employment system from other civil servants. As a starting point for this assertion, defendant reiterates this court's previous statement that "[a] federal employee, whose employment is governed by title 5 of the United States Code, is entitled, as a matter of law to receive a lump-sum payment for his or her accumulated and accrued annual leave upon separation from federal service." ECF No. 166 at 4 (emphasis added by defendant). According to defendant, the employment terms of plaintiffs who are former PCC employees are governed by the treaty rather than by Title 5, and thus, are not subject to the provisions of the lump-sum payment statute. See ECF No. 252 at 13. Several parts of the Act tend to support this assertion. For example, the Act specifically provides for the creation of an employment system "established in accordance with and . . . subject to the provisions of the Panama Canal Treaty of 1977." 22 U.S.C. § 3652(a)(1). The Panama Canal Employment System is, expressly, "not . . . subject to the provisions of Title 5, unless specifically made applicable by this chapter." 22 U.S.C. § 3652(a)(5). In addition, the Act allows the PCC to appoint officers or hire employees "without regard to the provisions of Title 5 United States Code, relating to," among other things, compensation. See 22 U.S.C. § 3624(a).

If these statutes were the only authority to consider, defendant might be correct that plaintiff's claims grow out of, or are dependent on, the Panama Canal Treaty. After all, interpreting the terms of employment under an employment system that was "established in accordance with and . . . subject to the provisions of" the Panama Canal Treaty, see 22 U.S.C. § 3652(a)(1), may very well require "construction of the treaty itself," see Hughes, 534 F.2d at 903. A complication for defendant's position, however, is presented by yet another provision of the Act that specifies which sections of Title 5 are expressly made applicable to PCC employees, 22 U.S.C. § 3664.

The initial version of section 3664, which was in force from September 27, 1979, through September 22, 1996, stated that three provisions of Title 5 were unaffected by the Panama Canal Act: (1) the provisions relating to preference eligibles, (2) the provisions relating to removal or suspension from competitive service, and (3) the provisions of section 5544(a) relating to overtime rates for certain employees. See 22 U.S.C. § 3664 (1979). Effective September 23, 1996, the Act was amended and explicitly stated that the relevant sections of Title 5 relating to accrued leave "apply to the Panama Canal Commission." 22 U.S.C. § 3664(8) (1996) (establishing that "Subchapter VI of chapter 55 (related to accumulated and accrued leave)," in which the lump-sum payment statute appears, applies to the PCC). This statute has been revised twice since 1996, once on January 1, 1999, and again on December 31, 1999, but the relevant provision relating to the applicability of the lump-sum payment statute remains in force. See 22 U.S.C. § 3664.

The result of applying the historical versions of this statute to the present case is to split the subset of plaintiffs who are former PCC employee in two—those who separated prior to September 23, 1996, in one group, and those who separated on or after that date in a second group. As noted above, the class is defined in part by a date range, and includes individuals "separated under conditions enumerated in 5 U.S.C. §§ 5551 from October 14, 1993 and before September 7, 1999." ECF No. 123 at 2. It is clear from the text of 22 U.S.C. § 3664 that the lump-sum statute applies to former PCC employees in the second group, who separated sometime between September 23, 1996, and September 7, 1999. As defendant acknowledges, the court has jurisdiction to consider claims properly made pursuant to the lump-sum payment statute. See ECF No. 252 at 13. On this basis, the court finds that it has jurisdiction to consider these claims. Defendant does not challenge the sufficiency of the claims made by this group of plaintiffs pursuant to RCFC 12(b)(6).

Section 3664, though, did not make the lump-sum statute applicable to individuals in the first group, who separated between October 14, 1993 and September 22, 1996. And plaintiffs have provided only scant evidence to show that the lump-sum statute was expressly made applicable to those individuals by some other means. For instance, plaintiffs attach to their response brief the declaration, and supporting documentation, of Joseph J. Wood. See ECF No. 279 at 12-16. Mr. Wood states that he separated from the

PCC on December 31, 1999, see id. at 12, and that he received a lump-sum payment as compensation for accrued annual leave, see id. at 14.  Although Mr. Wood states his personal belief that he was a federal employee and offers documentation of his lump-sum payment, nothing in his statement, or the form attached thereto, refers to 5 U.S.C. § 5551. Plaintiff also attaches the declaration of Mr. Robert Rupp, who likewise worked for the PCC until, at least, September 30, 1999.  See id. at 18.  He states, in part, "I have no doubt that we, the employees of the PCC, were Federal employees who retained rights under [T]itle 5, USC, such as retirement, insurance, and lump-sum payment for unused annual leave."  Id. at 20.[1]

These personal statements simply do not amount to preponderant evidence of the court's jurisdiction, particularly in light of the statutory provision that the Panama Canal Employment System is "not . . . subject to the provisions of Title 5, unless specifically made applicable by this chapter."  22 U.S.C. § 3652(a)(5).  In order to demonstrate that individuals who separated from the PCC prior to September 23, 1996, can state a claim for relief under 5 U.S.C. § 5551, plaintiffs must identify the means by which that statute is "specifically made applicable."  They have failed to do so.  Therefore, the court finds that plaintiffs have failed to meet their burden to establish that the court has jurisdiction over claims by individuals who separated between October 14, 1993, and September 22, 1996.

Even assuming, however, that plaintiffs could identify a viable source for the court's jurisdiction, plaintiffs have failed to state a claim for relief given the operative definition of the class.  The class is defined, in part, to include "[a]ll civilian employees who retired, died, or separated under conditions enumerated in 5 U.S.C. §§ 5551."  See ECF No. 123 at 2.  Thus, to be a member of the class, an individual must be an employee who was subject to the provisions in the lump-sum payment statute at the time of separation.  The court finds that plaintiffs have failed to make a facially plausible case that the lump-sum statute applied to former PCC employees who separated prior to September 23, 1996, the effective date of the revision to 22 U.S.C. § 3664.

---

[1]    Plaintiffs also point to the declaration of Brenda Roberts, Acting Deputy Director of the Office of Personnel Management in support of this argument.  See ECF No. 279 at 5.  In the declaration, Ms. Roberts states: "Employees under pay plan code CZ are in positions similar to GS positions and would be covered under the lump-sum payment provisions of 5 U.S.C. § 5551."  ECF No. 173 at 23.  Ms. Roberts' statement, however, does not specify the dates on which she contends this to be true.  As such, it does not lend support to plaintiffs' position with regard to the subset of plaintiffs who separated prior to September 23, 1996.

IV.     Conclusion

Defendant's motion for partial dismissal is **GRANTED, in part,** as to former PCC employees who separated from employment prior to September 23, 1996, and those claims are hereby **DISMISSED**.  Defendant's motion for partial dismissal is **DENIED, in part,** as to former PCC employees who separated from employment on or after September 23, 1996.

The parties are directed to file a **joint status report**, on or before **August 31, 2017**, proposing a schedule to govern this case going forward as to the claims of former employees who separated from PCC employment on or after September 23, 1996.

IT IS SO ORDERED.

 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge