# In the United States Court of Federal Claims

No. 06-872C

(E-Filed: June 25, 2021)

| | |
|---|---|
| GERALD K. KANDEL, et al., | ) |
| Plaintiffs, | ) Class Action Settlement; Fairness<br>) Hearing; RCFC 23(e). |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

On May 25, 2021, the court held a fairness hearing on the parties' settlement agreement. See ECF No. 423 (hearing transcript). Following the fairness hearing and pursuant to the court's June 10, 2021 scheduling order, the parties filed their corrected settlement agreement with attachments. See ECF No. 421. For the following reasons, the court **APPROVES** the Corrected PCC Subclass Settlement Agreement, ECF No. 421.

I.  Background

This case is a class action that involved two subclasses—the "Settlement Subclass" and the "PCC Subclass." See ECF No. 172 (amended order approving class certification); ECF No. 387 (order defining the two subclasses). Plaintiffs summarize the claims in their first amended complaint as follows:

> When members of the two plaintiff sub-classes retired, died, or separated with unused annual leave to their credit, they were entitled to payment for accrued and accumulated, unused annual leave under § 5551 of title 5 of the United States Code equal to the "pay" they would have received had they worked their regular and customary scheduled hours until the period of their unused annual leave expired. However, when they received payment of the lump-sum for their unused annual leave, they did not receive the full payments to which they were entitled because the computation of their lump-sum payment did not include an amount equal to the pay which they regularly

> and customarily received immediately prior to the date the employee became eligible for a lump-sum payment for unused annual leave.

ECF No. 401 at 2 (first amended complaint).  And plaintiffs explain the distinction between the two classes as follows:

> The "opt-in" plaintiff class consists of two subclasses, a "Settlement Subclass" consisting of the former employees of twenty-nine federal agencies plus certain employees of the Panama Canal Commission, and a "PCC Subclass" consisting of 492 former employees of the Panama Canal Commission who do not have a social security number, or do not personally possess their PCC Form 2764, or have not requested [the appropriate agency] to provide it.

Id. at 3.

On October 30, 2020, following a fairness hearing, the court issued an order approving the parties' settlement agreement to resolve the claims brought by the Settlement Subclass.  See ECF No. 405.  On February 19, 2021, the parties informed the court that they had reached a second settlement agreement, which resolves the claims of the PCC subclass, and filed an unopposed motion in which they requested that the court preliminarily approve the PCC subclass settlement agreement, to approve the proposed notice of a fairness hearing, and to conduct a fairness hearing to consider final approval of the agreement.  See ECF No. 413.  The court granted the motion on March 3, 2021, see ECF No. 414, and notice was sent to the PCC subclass members in accordance with the procedures approved by the court, see ECF No. 418 (plaintiffs' notice of compliance).

The court conducted a fairness hearing on May 25, 2021.  See ECF No. 423.  At the fairness hearing, the plaintiffs asked the court to approve the settlement agreement, and defendant did not oppose the request.  Neither the court nor the parties received any objections from members of the PCC subclass.  The corrected PCC subclass settlement agreement is now before the court.[1]  See ECF No. 421.

---

[1] The settlement agreement was initially filed with the court on February 19, 2021.  See ECF No. 413-1.  Subsequent to the May 25, 2021 fairness hearing, however, the court identified an error in the settlement agreement, and directed the parties to file a corrected version of the settlement agreement, along with a notice explaining the nature of the error and stating whether the error justified additional proceedings.  See ECF No. 419 (order).  In response to the court's order, plaintiffs filed a corrected version of the settlement agreement, ECF No. 421, and a notice in which the parties explain that the error was typographical and that no additional proceedings are necessary, ECF No. 420.  Accordingly, the corrected settlement agreement, ECF No. 421, supersedes the parties' previously filed version.

According to the terms of the settlement agreement, defendant agrees to pay a total of "$36,900, an amount that represents a compromise payment of $75 to each of the 492 members of the [PCC] subclass, excluding attorney fees, expenses, and costs, and the costs and fees of the class action administrator." Id. at 5.  Because the members of the PCC subclass are Panamanian nationals, "the class administrator will not be responsible for calculating, withholding, or paying any taxes that may be owned by any class member as a result of the disbursement of the settlement proceeds." Id. at 6-7.

In exchange, PCC subclass members have agreed to:

> release, waive, and abandon all PCC Subclass claims for lump-sum payments for unused accumulated and accrued annual leave, Sunday premium pay (for those who had separated on or before October 1, 1997), and foreign post allowances, against the United States, its political subdivisions, its officers, agents, and employees, arising out the amended complaint or otherwise involved in the is case.

Id. at 5.

Upon receipt of the settlement funds, the class action administrator "will make payments to claimants in the form of a check from the Settlement Trust, mailed to the last known address of each class member." Id. at 7. The settlement agreement details the timing of these payments, and the protocol for managing undeliverable checks. See id.

II. Legal Standards

Under Rule 23(e) of the Rules of the United States Court of Federal Claims (RCFC), "[t]he claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." "[T]he court may approve [the settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate." RCFC 23(e)(2). In reaching this judgment, the court considers whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;

3

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under RCFC 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Id. The court has discretion to accept or reject a proposed settlement, but it may not alter the proposed settlement; nor may it decide the merits of the case or resolve unsettled legal questions. Adams v. United States, 107 Fed. Cl. 74, 75-76 (2012) (citing Evans v. Jeff D., 475 U.S. 717, 726-27 (1986); Nat'l Treasury Emps. Union v. United States, 54 Fed. Cl. 791, 797 (2002)).

III. Analysis

The proposed settlement agreement is the result of conscientious, arms-length negotiations between the parties. See ECF No. 423 at 16-18. The parties do not have access to the employment records of the PCC subclass members, and gaining such access could have cost the parties in excess of $8,000 per claimant. See id. at 7. In light of this considerable expense, the parties have agreed to a compromise settlement in the amount of seventy-five dollars for each subclass member. See id. at 18. That seventy-five dollar figure was derived from the fact that the hourly increases due to subclass members ranged from five to ten cents per hour, and represents a fair settlement amount based on the available information in the view of both plaintiffs' and defendant's counsel. See id. at 12, 18.

It is clear to the court that the parties have worked diligently, and have competently represented their respective clients' interests in this endeavor. Neither the parties nor the court have received any objections to the settlement agreement. And in addition, the terms of the agreement—to pay each PCC subclass member a compromise settlement amount based on the scant facts available—are fair and reasonable.

Counsel then described for the court the process for distributing the funds. Once the settlement funds are disbursed by defendant, the class administrator will distribute the funds through checks to individual subclass members. See id. at 8. Subclass members will have sixty-days to negotiate the checks, and the class administrator will be afforded additional time to attempt delivery of any checks returned as undeliverable, or to re-issue lost or destroyed checks. See id. at 9-10. Defendant's counsel noted that many of the

4

subclass members are annuitants, and as such, their addresses are on file with the government, which should assist in successful delivery of the settlement checks. See id. at 11. The parties have also taken into account the manner in which the Panamanian mail system works in negotiating a reasonable amount of time for this process. See id. at 8, 10-11 (plaintiffs' counsel explaining the Panamanian mail system, and counsel for both parties agreeing that the procedures in the settlement agreement appropriately accommodate that system). The settlement does not account for any tax payments, as the subclass members are Panamanian nationals, and are not subject to United States taxes. See id. at 5. In the court's view, the process described appears both efficient and effective.

The parties have not negotiated any agreement on attorneys' fees, and no other agreements have been made in connection with the proposed settlement. See id. at 15-16.

Finally, the court finds that the terms of the settlement "class members equitably relative to each other." RCFC 23(e)(2)(D). Each of the subclass members will receive the same amount from the settlement trust given the dearth of records that might support a different, equitable distribution.

For the foregoing reasons, the court finds that the proposed settlement agreement is fair, reasonable, and adequate, and comports with the requirements of RCFC 23(e). As the court stated at the hearing:

> Based on the information provided to the [c]ourt which includes the settlement agreement, the notices to the PCC subclass members and notice of compliance indicating that the notice was communicated to the PCC subclass members, along with the presentations made today, the [c]ourt is satisfied that the settlement is fair and appropriately accounts for the interests of all parties in accordance with the considerations of the [c]ourt's Rule 23.

ECF No. 423 at 19.

As a final matter, the court notes that the settlement agreement requires the parties to act within fourteen days of the court's final approval thereof. See ECF No. 421 at 6. The date of this order shall be the date from which all such deadlines are calculated.

IV.     Conclusion

Accordingly, for the foregoing reasons:

(1)     Pursuant to RCFC 23(e), the court **APPROVES** the corrected PCC Subclass Settlement Agreement, ECF No. 421;

(2)  The date of this order shall be the date from which all deadlines included in the amended partial settlement agreement are calculated; and

(3)  Absent the filing of a joint motion for voluntary dismissal, on or before **August 6, 2021**, the parties are directed to **FILE** a **joint status report** informing the court of whether any further proceedings are necessary before this case is closed.

IT IS SO ORDERED.

s/Patricia E. Campbell- Smith  
PATRICIA E. CAMPBELL-SMITH  
Judge