# In the United States Court of Federal Claims

No. 06-872C

(E-Filed: June 22, 2022)

| | |
|---|---|
| GERALD K. KANDEL, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | Motion for Attorneys' Fees; 28 U.S.C. § 2412(b); Equal Access to Justice Act; Common Fund Doctrine. |

Ira M. Lechner, Washington, DC, for plaintiffs.  Steven W. Winton, of counsel.

Mikki Cottet, Senior Trial Counsel, with whom were Brian M. Boynton, Acting Assistant Attorney General, Patricia M. McCarthy, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

CAMPBELL-SMITH, Judge.

On December 15, 2021, plaintiffs filed a motion for attorneys' fees and expenses. See ECF No. 429.  Defendant filed its response on January 26, 2022, see ECF No. 432, and plaintiffs filed their reply on February 3, 2022, see ECF No. 433 (reply), ECF No. 434 (exhibits to reply).  The motion is now fully briefed and ripe for ruling.  For the following reasons, plaintiffs' motion for attorneys' fees and expenses is **DENIED**.

I.  Background

The parties settled this case in two parts, with two sub-classes.  The court approved the first sub-class settlement on October 30, 2020, in an amount of $268,308.46.  See ECF No. 405 (order approving first settlement).  The court then approved the second sub-class settlement on June 25, 2021, in an amount of $36,900.  See ECF No. 424 (order approving second settlement).  Thus, plaintiffs' claims in this

case were settled for a total of $305,208.46. Plaintiffs now ask the court to direct defendant to pay into the settlement fund "an additional award" to cover attorneys fees' and expenses, and the class administrator's fees and expenses. See ECF No. 429-6 at 29 (memorandum of law in support of plaintiffs' motion). The established settlement fund, in plaintiffs' view, should include the following amounts:

> Court Approved Lump-sum payments to 1,192 class members= $305,248.46;[1]
>
> Attorney fees and related expenses to Class Counsel Ira M. Lechner= $2,433,787.47;
>
> Attorney fees to Of Counsel Steven Winton=$148,883.45; and
>
> Class Action Administration fees and costs to Epiq=$754,511.13
>
> for a total of $3,642,430.51.

Id. at 31.

II.     Legal Standards

In their motion, plaintiffs ask the court to award them attorneys' fees and expenses pursuant to 28 U.S.C. § 2412(b) of the Equal Access to Justice Act (EAJA), which states as follows:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Plaintiffs argue that § 2412(b) incorporates the "common fund doctrine" as a common law right to recovery of fees and expenses. ECF No. 429-6 at 7. Plaintiffs explain that

---

[1] According to the court's calculations, the two approved settlement amounts equal $305,208.46, not $305,248.46. The court assumes that the additional forty dollars reflected in plaintiffs' accounting is a scrivener's error, and it does not affect the court's ruling on the present motion.

2

"[t]o qualify for an award under the equitable common fund doctrine under common law, plaintiffs must create or preserve a substantial common fund for an identifiable class of beneficiaries." Id. (citing Mills v. Electric Auto-Lite Co., 396 U.S. 375, 391-94 (1970)). If such a fund is established, "[p]laintiffs are then entitled to recover attorneys' fees and out-of-pocket expenses for the benefit of the members of the class, payable to the common fund which in turn pays fees and reimburses expenses of plaintiffs' attorneys out of the fund itself." Id.

III.    Analysis

The United States Court of Appeals for the Federal Circuit recently addressed the manner in which the common fund doctrine applies in Athey v. United States, No. 2020-2291, 2021 WL 4282593 (Fed. Cir. Sept. 21, 2021).[2] As plaintiffs explain in their motion, the present case is a corollary to Athey, which raised "[t]he same category of claims for a lump-sum back payment" on behalf of employees of different agencies. See ECF No. 429-6 at 2. In the Athey decision, the Federal Circuit held as follows:

> The fundamental basis for the [common fund] exception is unjust enrichment—that a party who benefits from a plaintiff's attorney's advocacy in recovering an award should also contribute to that attorney's fees. Thus, we agree with the Court of Federal Claims' determination that the common fund exception does not apply in the manner asserted by Plaintiffs—namely to impose additional liability on the United States as a defendant.

Athey, 2021 WL 4282593, at *3 (internal citations omitted). Despite the admitted similarities between this case and Athey, plaintiff argues that this court should not follow the Federal Circuit's lead in applying the common fund doctrine on the basis that the Athey decision is non-precedential and, according to plaintiffs, unsound. See ECF No. 429-6 at 20-28. In making this argument, plaintiff does not distinguish the facts of this case from Athey, but instead contends that the Federal Circuit erred as a matter of law. See id. at 27-28 (asking the court to depart from the Circuit's "unsupportable ruling" by "distinguish[ing] the panel's erroneous analysis with respect to the liability of the United States").

---

[2]    On August 3, 2021, the parties requested that the court stay this case, stating that "plaintiffs believed it prudent to await the decision from the United States Court of Appeals for the Federal Circuit in Athey v. United States, No. 20-2291, an appeal that will directly impact the award of attorney fees and expenses and costs and fees of the class action administrator in this case." ECF No. 425 at 1. At the parties' request, the court stayed this case pending the Athey decision. See ECF No. 426 (August 5, 2021 order staying case).

This court is not privy to the Federal Circuit's decision-making process with regard to determining whether an individual opinion is precedential or non-precedential. The Circuit's rules, however, provide some context. Federal Circuit Rule 32.1 states, in relevant part, as follows:

> (b) Nonprecedential Opinion or Order.
>
> An opinion or order which is designated as nonprecedential is one determined by the panel issuing it as not adding significantly to the body of law.
>
> . . .
>
> (d) Court's Consideration of Nonprecedential or Unpublished Dispositions.
>
> The court may refer to a nonprecedential or unpublished disposition in an opinion or order and may look to a nonprecedential or unpublished disposition for guidance or persuasive reasoning, but will not give one of its own nonprecedential dispositions the effect of binding precedent. The court will not consider nonprecedential or unpublished dispositions of another court as binding precedent of that court unless the rules of that court so provide.

From the text of this rule, the court can infer that the Federal Circuit believes that its decision in Athey does not "add[] significantly to the body of law" regarding application of the common fund doctrine. Fed. Cir. R. 32.1. And while the decision is not binding precedent, the Circuit has clearly "indicated its view" on the relevant law therein. RhinoCorps Co. v. United States, 87 Fed. Cl. 261, 279 (2009); see also Lerwick v. Sec'y of Health & Hum. Servs., No. 06-847V, 2014 WL 1897656, at *7 (Fed. Cl. Apr. 16, 2014) (stating that despite the nonprecedential value of relevant Federal Circuit decisions, "the orders represent the conclusions of . . . judges of the appellate tribunal responsible for establishing the binding interpretation" of the law, and noting that the non-precedential decisions "retain[] an ability to persuade") (internal citations omitted).

Here, the Federal Circuit's holding is sufficiently clear and its reasoning sufficiently substantive to militate in favor of this court's deference to the same. As such, the court must deny plaintiffs' request that the court direct defendant to pay into the settlement fund an amount in addition to the settlement amounts to which the parties have already agreed. See Athey, 2021 WL 4282593, at *3 (holding that the common fund exception does not "impose additional liability on the United States as a defendant"). Plaintiffs have filed a petition for a writ certiorari with the Supreme Court of the United States in the Athey case. See Athey, Case No. 2020-2291, ECF No. 42 (plaintiffs' March

16, 2022 notice of filing petition for writ of certiorari). A direct appeal is the most appropriate avenue for challenging the Federal Circuit's decision.

IV.  Conclusion

Accordingly, for the foregoing reasons:

(1)  Plaintiffs' motion for attorneys' fees and expenses, ECF No. 429, is **DENIED**; and

(2)  On or before **July 13, 2022**, the parties are directed to **FILE** a **joint status report** identifying for the court any issues that must be resolved before the court can enter final judgment in this case.

IT IS SO ORDERED.

                                              s/Patricia E. Campbell-Smith
                                              PATRICIA E. CAMPBELL-SMITH
                                              Judge